GEORGE L. MUSSEY v. WILLIAM SCOTT, *Appellant*.

*Forcible entry and detainer. Trespass.*

If one have the right to enter and take possession of premises in the occupancy of another, his entry will be legal and not contrary to the statute concerning forcible entry and detainer, if made while the other party is temporarily absent from the premises, leaving no one there, even though it be necessary to force the door to gain admittance.

The plaintiff having the right to the possession of a house occupied by the defendant, and having given him notice to quit, afterwards, while the defendant was temporarily, for the day only, absent from the house, which he had fastened upon leaving, entered the premises by forcing open the door, and placed the defendant's furniture in the street, and fastened up the house and left it. The defendant on returning, forced open the door and reentered and occupied the premises. *Held*, that the plaintiff's entry was the exercise of a legal right in a legal manner, and that he could maintain trespass *qu. cl.* against the defendant for his subsequent entry.

TRESPASS *qu. cl.* Plea the general issue and trial by the court at the March Term of the Rutland county court, 1858, PIERPOINT, J., presiding.

The plaintiff showed in evidence title in himself to the *locus in quo*, and the following facts in addition :—In June, 1854, he made a verbal contract with the defendant by which he sold him an acre of land including the premises in question, and was to put up a house upon it, excepting the cellar, and the defendant was to pay him twenty dollars toward the land the first year, in labor, and twenty dollars the second year, and also toward the house what he could the first year, and fifty dollars each year thereafter until he had paid two hundred dollars for it. The property was to remain the plaintiff's until paid for. The defend

Musscy *v.* Scott.

ant accordingly made some payments, took possession, and the plaintiff having built the house contracted for, the defendant occupied it as his own, and continued to do so up to the commencement of this action, except as hereinafter stated. He failed, however, to make all the payments stipulated for, and on the first of March, 1856, the parties made a new contract, also verbal. By this the defendant agreed to pay two hundred and fifty dollars more for the land and house, at the rate of fifty dollars a year, in monthly payments, with the interest accrued on the whole sum, and further agreed that if he failed in making any monthly payment, the plaintiff might enter and take possession of the premises, and put his (the defendant's) things into the road. The defendant utterly failed to make any payments whatever after this, and on the 16th day of October, 1856, the plaintiff demanded the possession from the defendant, and on the 18th day of October, 1856, in the absence of the defendant, entered into the premises by forcing open the door of the house, which the defendant had fastened on leaving the house for the day only, and after setting out the defendant's furniture, &c. into the road, fastened up the house, and posted up a notice on the door that he was in possession. It also appeared that the defendant could not read. The same day the defendant reentered the premises, forced open the house, and put his furniture, &c. back into it, and continued to occupy it till the commencement of this suit. This was the trespass complained of by the plaintiff.

The plaintiff claimed that he had by his entry into the premises, as above described, become lawfully possessed of the same, so far at least as to entitle him to maintain the present action for the subsequent entry of the defendant. But the court decided that the entry of the plaintiff, as above described, did not revest the plaintiff with the possession of the premises, so that he could maintain the present action against the defendant for his subsequent entry into the premises, and rendered judgment for the defendant, to which the plaintiff excepted.

*S. H. Hodges* and *E. Edgerton,* for the plaintiff.

*Thrall* and *Briggs & Nicholson,* for the defendant.

BENNETT, J.   No question has been made, but what upon the facts stated in the bill of exceptions, the plaintiff had the right to reenter upon the premises, and we think none can be well made.   The only question is, did the plaintiff exercise·a *legal right in a legal manner?*   If he did, his reentry must have the effect to vest in him the possession of the premises, and that possession must be a *legal one* against the defendant.

This is not such a case as *Dustin* v. *Cowdry et al.*, 23 Vt. 631. In that case the entry was by force and ·a strong hand and against the strenuous resistance of the plaintiff and his friends ; and the family were actually expelled from the house at an inclement season of the year, and both the family and the household effects were turned into the public highway.   The manner of the entry was clearly illegal and in violation of the statute, which forbids the use of force *in entering* or *in detaining*.   The defendant in that case did not exercise a *legal right* in a *legal manner* against the plaintiff, and of course could not stand upon a possession so obtained against him.·   The defendant was bound to restore the possession and place the complainant in *statu quo*, and then proceed in a legal manner to try the title.

But this is a different case.   Here the tenant had no family. He had gone away and left no one in possession, and the house *de facto* was vacant at the time the entry was made, and the entry was made by forcing open the door of the house which the defendant had fastened when he left the house in the morning, and there is no pretence that it was made in a *riotous* and *tumultuous manner*, or in such a way as would even tend to a breach of the peace. It does seem to us that in this case a *legal right was exercised in* a *legal manner*.   The plaintiff, owning the property and having a right to enter, might, if he chose, force open his own door, and it was not for the defendant to complain of the act.   It may be said the defendant only left the house for a temporary purpose, with a view to return.   That no doubt is true, and that must always be the case.   If the possession had been *abandoned*, no question could ever arise of the kind in such cases.   We apprehend this case is within the case of *Turner* v. *Meymott*, 8 E. C. L. · 280, and many others of the kind.   The defendant in this case had gone away and had not left his family in possession, for he

had none. He was *de facto* out of possession, and no one was in possession *de facto* at the time the plaintiff reentered into the possession of the premises. For the purposes of this question the premises may for the time being be considered *vacant* though not abandoned by the defendant.

In the case of personal property, the party injured may have redress by his own *mere act* by what is termed *recaption*, though this must not be done in a *riotous manner* or *attended with a breach of the peace*, and a remedy of the same kind may be had for *injuries* to real estate by an *entry* on lands where another person has the possession without any right; but in such a case it must be peaceable and without force.

In the case of *Wilson* v. *Hooper et al.*, 12 Vt. 655, this principle was applied to a mortgagor as against the mortgagee. COLLAMER, J., aptly remarks, "it appears to us most reasonable to allow any man peaceably to assert his legal right by his own act, without driving him to an action ;" and in *Beecher* v. *Parmele et al.*, 9 Vt. 356, it was held that a mere intruder upon land may be forcibly expelled from the land, and if a trespass is committed upon the person of the intruder he must resort to his action for such injury to his person. Since the very full and able discussion of this whole subject by the present learned Chief Justice in the case of *Dustin* v. *Cowdry et al.*, 23 Vt., it would be a useless work of supererogation to go over the ground again. That case simply decides that the entry cannot be made *by force and a strong hand*, and thereby turn the tenant, his family and his effects, out of the possession of the premises, and the distinction between that case and this is well marked.

As the plaintiff in this case exercised *a legal right* in a *legal manner*, his possession of the premises was lawful against the defendant, and he may well have this action against him for the subsequent disturbance.

Judgment reversed and case remanded.