HON. ASA O. ALDIS,
HON. JOHN PIERPOINT, } ASSISTANT JUDGES.
HON. ASAHEL PECK,

---

## DAVID WHITTAKER *v.* MARTIN PERRY, JOHN M. MOORE AND GEORGE T. ALLEN.

### *Trespass. Practice. Damages.*

In order for a party to justify an entry upon premises, in which he has the title, with violence, on the ground of a previous peaceable entry, the occupant continuing in possession, it must appear that the party took an actual peaceable possession on the prior occasion, which was unabandoned down to the time of his assertion of his right of entry with violence, so that in what was done at that time he stood in the attitude of defending his premises, and not of invading the occupant's possession by force.

The facts in this case do not show that the defendant's possession on the 6th of May was of such character as authorized him to make the forcible entry on the 7th.

Where a request to the court to charge the jury on trial is an entire proposition, made in reference to the plaintiff's right to recover, and not in reference to damages, and is properly denied, it is not error for the court to omit to single out a particular part of it and apply it upon the question of damages, if there is no affirmative error in the charge upon the question of damages.

TRESPASS *quare clausum fregit* and a count for assault and battery, to which several pleas were pleaded, followed by replications, rejoinders and issues of fact.   Trial by jury, April Term, 1864, BARRETT, J., presiding.

It appeared that on the 15th day of March, 1861, the plaintiff moved into the dwelling-house called the Methodist Parsonage, in Williamsville, with his household goods, and family, consisting of his wife and four children, and continued to possess and occupy it, as the residence and home of himself and family, till the 8th day of the next May, under a lease or authority from one Emery Dunklee. He moved in and was to occupy while he was finishing off a house of his own, that was situated near to said parsonage.

By the pleadings the title is admitted to have been in the defendant Perry.

The defendants gave evidence tending to show that sometime prior to the 6th day of May, 1861, said Perry applied to the plaintiff, and informed him that he, Perry, owned said parsonage house, and that he desired the plaintiff to move out and let him put a tenant in ; that Perry asked him if he would go into his own house if he, Perry, would help him move his things, and he replied that he would ; that nothing more passed between Perry and the plaintiff till the 6th day of May, Perry supposing the plaintiff to be satisfied ; that on the 6th day of May the defendants took two loads of goods belonging to the defendant Allen to said house and sent for the plaintiff, who was away at a neighbor's when they arrived ; that the front door was fastened ; that Perry went to the " L " part and knocked and Mrs. Whittaker came to the door ; that he went in and inquired for the plaintiff, and found he was absent as aforesaid ; that the defendants waited till he came ; that Perry spoke to him about the front door being locked ; that the plaintiff went into the house, and the front door was unlocked, and the defendants carried in the said goods and put them where they wanted them ; that the plaintiff made no objection and Perry supposed him satisfied, and that it was

done according to the understanding; that on the 7th the defendants carried to the house two more loads of goods, and found the plaintiff's folks in the house and the doors fastened; that said Perry demanded admittance of the plaintiff, which he refused to grant, whereupon the defendants forced open the front door with an iron bar and put in the goods they had then brought, and thereafter kept possession of the house, till the plaintiff and his family removed to his own house on the 8th day of May, and the family of said Allen went into said parsonage house; that on said 8th day of May the defendants assisted the plaintiff to remove his goods and furniture to his own house; that on the 7th they set out from said parsonage some few. articles of the plaintiff's furniture and goods, of small value, which suffered no damage by remaining out of doors till the next day, and that in anything they did, they did no unnecessary damage.

After the case had been argued to the jury by the defendants' counsel, the plaintiff abandoned all claim to recover by reason of what was done on the 6th day of May, and rested his right of recovery solely on what was done on the 7th and 8th days of May.

The defendants' requests to the court to charge the jury and the charge in respect thereto are sufficiently set forth in the opinion.

To the refusal of the court to instruct the jury as requested and to the part of the charge bearing upon the matter of said requests the defendants excepted.

As to all other aspects of the case presented by the pleadings and evidence, and as to the subject of damages, both actual and exemplary, the court charged the jury in a manner satisfactory to the parties, and no exception was taken thereto.

As the evidence and the arguments of counsel, as well as the requests of the defendants, presented the question whether the entry of the defendants, on the 6th of May, was with the assent of the plaintiff, the court submitted to the jury to find specially whether it was with such assent or not. The jury returned a verdict for the plaintiff, and returned specially that said entry on the 6th was not made with the assent of the plaintiff.

*Butler & Wheeler,* for the defendants.

I.  The plaintiff by his replication admitted all the facts alleged

in the defendant's plea of title, except the *manner* of making the entry, to be true, for the purposes of this suit. Gould Pl. 152, §167. Chitty Pl. 590. If the manner of making the entry was peaceable, the defendants were lawfully in, and Perry became seized according to his title, and the plaintiff thereafter was an intruder whom Perry had a right to put out. 1 Hawk P. C. 140, § 1 ; G. S. 357, § 1 ; 1 Wash. Real Prop. 35 ; *Mussey* v. *Scott,* 32 Vt. 82 ; *Sampson* v. *Henry,* 13 Pick. 36 ; Am. Cr. Law, 705. It was the defendants' right to have the question as to whether their entry on the 6th of May was peaceable submitted to the jury, with instructions that if they found it was peaceable, and Perry's possession continued till the entry of the 7th of May the plaintiff could recover nothing for that entry. This the court below refused, but submitted to the jury to find whether it was made with the assent of the plaintiff. This was error, for the entry might be peaceable, and therefore lawful, without the plaintiff's assent. 1 Hawk P. C. 145–6 ; Barlow's Justice, 229 ; Rosc. Cr. Ev. 433 ; Am. Cr. Law, 706. This right of the defendants was not obviated by the withdrawal of all claim for damages for the entry on the 6th. The question went to the lawfulness of the entry and of the possession continued under it, as well as to the matter of damages.

II. The title and right of entry were material elements for the jury to consider in fixing the amount of damages. 1 Hawk. P. C. 141, § 3 ; *Sampson* v. *Henry,* 13 Pick. 36.

*Charles N. Davenport,* for the plaintiff, cited upon the point that the plaintiff was entitled to nominal damages at least, irrespective of his title, *People* v. *Leonard,* 11 Johns. 504 ; *Dustin* v. *Cowdry,* 23 Vt. 631 ; *Mussey* v. *Scott,* 32 Vt. 82 ; *Hillory* v. *Gray,* 25 E. C. L. 398 ; *Newton et ux.* v. *Harland,* 39 *ib.* 581.

The opinion of the court was delivered by

PECK, J. To the count for trespass in breaking and entering the plaintiff's dwelling house, occupied as such by the plaintiff and his family, the defendants plead title in the defendant Perry, and that Moore and Allen acted as his servants and by his command. The replication alleges that the defendants entered with strong hand and with multitude of people and not in a peaceable manner ; upon which issue of fact was joined. By the pleadings the title is admitted to

have been in the defendant Perry. The jury under the charge of the court must have found that the plaintiff was in the occupancy of the dwelling house in question by himself and family as his residence and home on the 7th day of May, as he had theretofore been, and that the defendants on that day upon being refused entrance by the plaintiff, proceeded to force open the doors that were shut and fastened, and to make entry and to put in goods and to remove out the plaintiff's goods, and disturb and break up the family home. It is conceded by the defendants' counsel that this justifies the verdict for the plaintiff unless what transpired on the 6th of May changes the legal result. Both parties introduced evidence as to what transpired on the 6th of May, but before the case was submitted to the jury the plaintiff abandoned the transactions on that day as a ground of action, but the defendants rely on that as legalizing the making of the forcible entry with strong hand on the next day, the 7th of May. With a view to this question the defendants' counsel made two requests to the court to charge the jury. The first being based on the supposition that the jury might find that the entry on the 6th was with the assent of the plaintiff, the counsel has abandoned, as it appears by the special verdict that the jury negatived such assent on the part of the plaintiff. The second request was to charge, that by the pleadings the title is admitted to be in the defendants, for the purposes of this suit, that if the defendants made peaceable entry on the 6th day of May, Perry thereby became seized and thereafter possessed according to his title, and had a right to enter as he did forcibly on the 7th. This request the court refused. Such an entry, if made openly for the purpose of taking possession, would invest the defendant with possession in construction of law for certain purposes, that is, for the purpose of enabling him, if he owned the premises and had the right of entry, to maintain trespass against the plaintiff for his subsequent occupancy, when without such entry he could not sustain an action of trespass for want of possession. This is a fiction of law introduced to obviate the technical objection to the action of trespass by the party having title, while another is in possession. But the question in this case is not whether the entry on the 6th of May was such an entry as would have enabled Perry

to maintain trespass against the plaintiff, nor whether the defendants had a right of entry on the 7th of May. The question is whether the defendants are liable for asserting their right of entry with violence. In order to make what transpired on the 6th a justification of the acts done on the 7th, so as to bring the case within the proposition of the defendants' counsel, something more than a momentary possession must have been acquired on the 6th; it must appear that the defendants took an actual peaceable possession, which was unabandoned down to the 7th, so that in what was done on the 7th the defendants stood in the attitude of defending their possession, and not invading the plaintiff's possession by violence and with strong hand. Did the evidence tend to place the parties in this attitude? If so the defendants were entitled to the charge requested. The most favorable view for the defendants, is that presented by the defendants' testimony, and that is insufficient for that purpose. The entry on the 6th certainly could have no effect upon the forcible entry on the 7th, unless it was an actual taking of a present possession. It is difficult to regard it in that light. It is true it was a demonstration in that direction, but it looks more like an act preparatory to taking possession on some future occasion. Nothing was said indicating to the plaintiff that the defendants regarded that entry as a *possession*, and no request was made to the plaintiff to leave. The mere act of storing goods there is not necessarily a possession. It did not exclude the plaintiff from his possession or occupancy. It is said to be sure, that the evidence tended to show that the plaintiff made no objection, and that Perry supposed him satisfied. Satisfied with what? Satisfied that the defendants might store those goods there and go off leaving the plaintiff and his family in possession of the house as theretofore, for the time being at least. It is stated also that Perry supposed this was done according to the understanding. What was that understanding entered into in March? It was that the plaintiff would move out into his own house if Perry would help him move his goods, but no particular time was specified. Perry did not on the 6th offer to help the plaintiff move his goods according to that agreement, or ask the plaintiff then to carry out that agreement or understanding. This evidence tends to show that

Whittaker *v.* Perry et al.

Perry might have supposed that the plaintiff intended to abide by it, and in a reasonable time comply with it, but he had no reason to infer that the plaintiff had by what was done on the 6th, vacated the premises and turned over the actual possession to him, when the obvious fact and every indication was to the contrary. But if it could be regarded in law as an entry and taking of possession for any purpose, it was but momentary and fictitious, not actual and continuous. The defendants' counsel claim that if the mere fact that the defendants on the 6th entered peaceably would not justify the forcible entry on the 7th, yet if the jury could have found that the defendants continued their possession from the 6th down to the transaction on the 7th, they were justified, and claim that this question should have been left to the jury. But the jury would not have been warranted in finding that defendant was in continuous possession from the entry on the 6th to the entry on the 7th. It would have been a finding against evidence. For the purposes of the question involved in this case, fact and not fiction must govern. The condition of the parties on the 7th when the alleged trespass for which the jury have found the defendants liable was committed, must be regarded in law as it was in fact, that is, that the defendants were out of possession and the plaintiff in possession of the dwelling house in question, especially as the jury found that the defendants' entry on the 6th was not by the plaintiff's consent. The entry of the defendants therefore on the 7th being forcible and with strong hand, was a trespass; not for want of a right in the defendants to enter, but for the assertion of that right in an unlawful manner. The case is within the principle of *Dustin* v. *Cowdry*, 23 Vt. 631. To maintain the contrary conclusion the defendants' counsel have referred to several authorities, but they are not in point upon the question involved. *Mussey* v. *Scott*, 32 Vt. 82, cited by the defendants' counsel, is a fair illustration of the character of the cases cited. The facts in that case and the legal question involved were very different from this case. The defendant who was in possession of the house, left it temporarily vacant through the day, having fastened the doors, and during his absence the plaintiff, who had title and right of entry, forced open the door, took possession, moved out the defendant's furniture, fast-

ened the doors and posted up a notice on the door that he was in possession. The defendant after that on the same day returned and re-entered. The question was whether such entry by the plaintiff invested him with such a possession as would enable him to maintain trespass against the defendant for his re-entry. The court decided that it did. The question whether the plaintiff had by such entry acquired the right to return and expel the defendant forcibly did not arise. The defendants' request was properly refused.

But it is claimed that there was error because the court refused the request generally, and did not comply with that part of it which assumes that the pleadings admit the title in the defendant. The defendants' counsel claim that that part of the request was proper, as it would affect the damages. It was material upon the question of damages. But the request was an entire proposition, made in reference to the plaintiff's right to recover, and not in reference to damages, and being properly denied, it is not error for the court to omit to single out a particular part of it and apply it upon the question of damages, if there is no affirmative error in the charge upon the question of damages. But aside from this, we must presume the court did, upon the question of damages, instruct the jury in substance that the pleadings admitted title in the defendant, as the exceptions state that as to the subject of damages, both actual and exemplary, the court charged the jury in a manner satisfactory to the parties and no exception was taken. As the defendant was satisfied with the charge on the question of damages in the court below, he can raise no question upon it here.

The judgment of the county court is affirmed.