## JOEL HAYDEN *vs.* BRADSHAW H. STONE.

Hampshire.    Sept. 21, 1876. — Jan. 6, 1877.    COLT & MORTON, JJ., absent.

On the issue whether A. had, in 1824, dedicated a piece of land to a town for a highway, declarations of A., in 1850, tending to show that he then owned the land, made when he was not upon the land unaccompanied by any act done upon or relating to the land, and it not appearing that he pointed out the land, are inadmissible in reply to evidence tending to show such dedication.

GRAY, C. J. This is an action of tort for removing a fence from a piece of land at the corner of Bridge Street and Hawley Street in Northampton. The defendant was a surveyor of highways, and justified the removal, upon the ground that the town had an easement in the land for a highway, by virtue of a dedication by John Clarke, whose title the plaintiff acquired in 1870, and offered evidence of repeated acts and declarations of Clarke in 1824 and afterwards, tending to show that he had dedicated the land to the public use.

"In reply to the defendant's evidence tending to show dedication," (we quote from the bill of exceptions,) "the plaintiff called one Lathrop as a witness, who testified that on a certain occasion, within twenty or twenty-five years, he had a conversation with John Clarke; they were on Bridge Street and not far from the land, passing along between McIntire's corner and Clarke's corner, speaking of this land and in sight of the land, though the witness could not say that Clarke pointed out the land. The defendant objected to the witness stating anything that Clarke said; but the court admitted him to state what Clarke said; and he testified, ' Clarke said, my boundaries originally came down to this point, (which he mentioned,) he also said, I still own that land.' To the admission of this evidence the defendant excepted."

These declarations not having been made upon the land in question, and it not even appearing that Clarke, at the time of making them, pointed out the land, they were not shown to have accompanied or been part of any act done upon or relating to the land. The acts and declarations of Clarke in disparagement of his title could not be contradicted by his mere declarations in his own favor, made some years after such acts or declarations had ceased to be competent evidence to establish a highway by dedication, without a laying out by the municipal authorities. St. 1846, c. 203. *Morse* v. *Stocker*, 1 Allen, 150, 154. The admission of such evidence, " in reply to the defendant's evidence tending to show dedication," was erroneous, tended to mislead the jury, and entitles the defendant to a new trial.

The other questions argued at the bar depend in great degree upon the construction of obscure, if not conflicting, statements in the bill of exceptions, and are not likely to be presented

again in the same aspect; and we therefore give no opinion upon tl.em. *Exceptions sustained.*

*C. Delano*, (*J. C. Hammond* with him,) for the defendant.
*H. H. Bond*, (*D. W. Bond* with him,) for the plaintiff.