COMMONWEALTH *vs.* DENNIS J. HENCHEY & another.

Hampshire.     September 17, 1907. — October 15, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Way*, Public, By prescription, By dedication.

The fact that there was an attempted dedication of a way, which failed because the way never had been accepted by the proper authorities, does not prevent its establishment as a highway by prescription.

INDICTMENT for obstructing an alleged highway found and returned in the Superior Court for the county of Hampshire December 18, 1905.

At the trial, which was before Hardy, J., it was admitted that the defendants obstructed the way in question, and that it was not a highway unless it had been established by prescription. The material facts are stated in the opinion.

The case was submitted on briefs.

*J. B. O'Donnell*, for the defendants.

*R. W. Irwin*, District Attorney, for the Commonwealth.

MORTON, J.   The only question in this case is whether the jury should have been instructed, as requested by the defendants at the close of the testimony, that there was not sufficient evidence to warrant the jury in finding a verdict of guilty, and that both defendants should be acquitted. "The court refused the request and submitted the case to the jury with full and appropriate instructions except as to said refusal." The jury returned a verdict against each defendant, and the case is here on exceptions by the defendants to the refusal to rule as thus requested.

Whether the instruction requested should or should not have been given depends on whether there was or was not any evidence warranting the finding of a way by prescription. We think it is plain that there was such evidence. Witnesses for the Commonwealth testified in effect that they had known the way for from thirty to fifty years, and that during all that time it had been used continuously and uninterruptedly by every one having occasion to use it, until it was closed by the defendants about two years before the trial. There was also other evidence tending to show a way by prescription such as a declaration by a deceased owner of the premises contained in a petition by him to the mayor and city council for the laying out of the way, that it had " been open to the public twenty-five years." The defendants introduced much evidence tending to show that there had not been a continuous user of the way, but that it had been repeatedly interrupted by the erection of fences and other obstructions by a former owner of the premises now belonging to the defendants which it was contended included the way in question. They also introduced evidence tending as they claimed to show that, if there was a way, it was a way by dedication and that it had never been accepted by the public authorities. But as said in effect in *Bassett* v. *Harwich*, 180 Mass. 585, the fact that

there was an attempted dedication which failed would not prevent the establishment of a way by prescription. The exceptions recite that full and appropriate instructions were given and it is to be assumed, therefore, that the jury were correctly instructed as to what was necessary to establish a way by prescription, and as to the effect, if any, to be given to the attempted dedication.

We think that it cannot be said that there was no evidence warranting the verdict, and the instruction requested was, therefore, rightly refused.

*Exceptions overruled.*