## CHARLES W. BOYD, petitioner.

Middlesex. March 3, 1908. — June 15, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* New trial, Memorandum of judge, Exceptions.

If a judge, who presided at a trial and has made an order setting aside the verdict as against the evidence and the weight of evidence and granting a new trial, files a memorandum setting forth the grounds of his decision, such memorandum of the exercise of his discretion is not properly a part of the record, and there is nothing to prevent the judge from altering it, adding to it or even wholly withdrawing it at any time during the pendency of the proceedings before him, and he may make the alteration or addition in a certificate appended to a bill of exceptions which he disallows or in such other form as seems to him best, the matter being entirely within his discretion and control.

An order of the judge who presided at a trial setting aside the verdict as against the evidence and the weight of evidence and granting a new trial is conclusive and is not the subject of exception.

MORTON, J. This is a petition to establish the truth of exceptions duly filed in the case of *Boyd* v. *Taylor et al.* by the petitioner who was the plaintiff in that action and disallowed by the judge who presided at the trial of that case. The petition was sent to a commissioner who has made a report finding in effect that the bill of exceptions as filed by the petitioner was true as to all material matters, but excluding evidence offered in regard to certain matters contained in the bill on the ground that such matters were immaterial. The petitioner does not contest the correctness of this ruling by the commissioner, and nothing more need be said about it.

We pass to the question presented by the bill of exceptions. The plaintiff (the petitioner) had a verdict in the case of *Boyd* v. *Taylor* of $5,250. The defendants filed a motion to set it aside, and after due hearing the following entry was made by direction of the judge who presided at the trial, "Verdict set aside and new trial granted." The presiding judge made at the same time the following memorandum on the motion for a new trial: "The finding of the jury that Dunton had any real or ostensible authority from the defendants to set Boyd at work on the machine was against the evidence and the weight of the evi-

dence.   If the plaintiff suffered from any negligence in this case, the weight of the evidence disclosed it was the negligence of a fellow servant."   On receiving notice of the decision the plaintiff at once wrote to the presiding judge asking him to save his exception to the ruling granting the defendant's motion for a new trial, quoting in his letter the memorandum of decision as the ruling referred to.   To this letter the justice replied saying that his ruling was upon a question of fact and that he did not think that the plaintiff had an exception as a matter of right and declining to save an exception as the plaintiff requested.   Thereupon the plaintiff prepared and filed the bill of exceptions which this petition was brought to establish the truth of.   After due hearing the judge disallowed the exceptions, appending thereto the following certificate :   " In my memorandum indorsed on the motion for a new trial I stated one prominent reason for my action which I hoped would convince the counsel for the plaintiff that I had some basis for granting the motion.   The verdict was set aside for other reasons in addition to that expressed in the memorandum."

· "In my opinion the weight of evidence showed that the risk of dangerous consequences in operating the machine was obvious; that the plaintiff by reason of his age, knowledge and capacity could have appreciated such danger by the exercise of reasonable care and that he required no more instruction as to such risk than he had received from observation and the statements of Dunton."

" The verdict of the jury, in my opinion, was contrary to such weight of the evidence.   If I had not set aside the verdict on the question of liability, I considered the verdict excessive in the sum of $2,000, and should have granted the plaintiff opportunity to remit that sum, and on his failure so to do should have set the verdict aside."

" As I consider all such findings by me as to the evidence and the weight of the evidence and my conclusions and reasons for setting aside the verdict matters of judicial discretion which I have attempted to exercise to the best of my ability, I disallow this bill of exceptions."

The petitioner contends in effect that the presiding justice was limited in the statement of his reasons for granting the motion

for a new trial to those indorsed on the motion, and that the reasons there stated present a ruling on questions of ·law which he is entitled to have reviewed on exceptions.

But we do not think that the presiding judge was limited to the reasons indorsed on the motion. The filing of the memorandum was entirely voluntary on his part. He was under no obligation to make a statement of his reasons for granting the motion, and might properly enough have contented himself with simply directing the entry to be made of " Verdict set aside and new trial granted." It is often, however, more satisfactory to parties and counsel to know the grounds on which the judge bases his action, and it is not infrequent for a judge in regard to matters of discretion as well as in regard to other matters to file a memorandum setting forth the grounds of his decision in regard to the matter before him. Such a memorandum does not constitute in any proper sense a part of the record, and there is nothing to prevent the judge from altering it or amending it or adding to it at any time at least during the pendency of the proceedings before him, or even from wholly withdrawing it. He may make the amendment or alteration or addition in the form of a certificate appended to a bill of exceptions which he disallows, or in such other form as seems to him best. However or wherever made it is a matter entirely within his discretion and control and altogether different from the findings of fact provided for by R. L. c. 159, § 23. It is manifest that the verdict was set aside on grounds which are not reversible here and to which no exception lies.

*Exceptions overruled.*

*H. J. Coolidge, (J. Noble, Jr.,* with him,) for the petitioner.
*P. S. Maher,* for the respondents, submitted a brief.