GEORGE A. ABBOTT *vs.* FRED S. WALKER & others.

Essex.    November 4, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Evidence*, Declarations as to title to land.    *Practice, Civil*, New trial.

Declarations as to the title to land made by the owner of the land while upon it
are admissible in evidence against any one claiming under such former owner
although the maker of the declaration is alive at the time of the trial.

A motion for a new trial is addressed to the discretion of the trial judge.

A memorandum made by a trial judge stating a reason for his denial of a motion
for a new trial is no part of the record, and it cannot be assumed that the judge
in making the order denying the motion acted solely on the ground stated in
the memorandum.

*It seems*, that the fact that a very small amount of money is in dispute may be
an adequate reason for refusing a new trial that otherwise might be granted.

PETITION, filed in the Land Court on November 21, 1905, for
the registration of the title to certain real estate on Titcomb
Street, a private way in the city of Haverhill.

In the Land Court *Davis*, J., found for the petitioner, and
made a report of his findings to the Superior Court.   The re-
spondent appealed to the Superior Court, and the following
issues were framed for the jury:

" 1.  What is the location of the southerly line of Titcomb
Street?

" 2.  What is the location of the boundary line between the
petitioner and the respondent Walker ? "

In the Superior Court the issues were tried before *Bell*, J.   It
appeared that the lot of the petitioner was numbered 26 on
Titcomb Street, that the lot of the respondent Walker was in
the rear of this lot and fronted on Broadway, that the lot of the
respondent Noble was next easterly to that of Walker and
fronted on Broadway, and that the lot of the respondent Merrill
was numbered 29 on Titcomb Street.   All these lots were parts
of a much larger tract of land formerly belonging to one Levi
Taylor.   The location of the petitioner's rear line was disputed.

The respondents introduced as a witness one Noble, who was

asked to state the declarations of one Charlotte A. Witham, made in the spring of 1902 while owner of and while standing on lot 27 and pointing out her boundaries to Noble.

Lot 27 was next east of lot 26 and was conveyed with lot 26 and lot 29 to Charlotte A. Witham by one Keezer by deed dated April 11, 1894. Charlotte A. Witham occupied lots 26 and 27 as one parcel, the buildings being in part on both lots, having been erected by Keezer. Charlotte A. Witham conveyed lots 26 and 27 as one parcel to the petitioner on March 3, 1903. No offer was made to show, and it did not appear in evidence, that the declarant was dead. The question was objected to, but the judge ruled that it was admissible. Testimony then was given by Noble of the declarations of Charlotte A. Witham while standing on her said lot and in the act of pointing out her boundaries to Noble, tending to show that her rear line was along certain specified points, which line was in accordance with the contention of the respondents, and that her front line, or Titcomb Street line, was indicated by a stake then standing, which stake was one of those which the respondents contended marked the southerly line of Titcomb Street, and that her lot ran back from the stake one hundred and ten feet and no more. There was evidence offered by the respondents that in 1890 this stake was set there by a son of Levi Taylor in the place of an older stake and in settlement of a controversy between Keezer and one O'Connor, then adjoining owners.

To the admission of the testimony of Noble of the declarations of Charlotte A. Witham the petitioner excepted, stating that he based his exception on the fact that no evidence was offered at the trial to show that Charlotte A. Witham was at that time deceased.

The jury returned a verdict for the respondents. The petitioner made a motion for a new trial. "The trial justice, after making some observations regarding the case, took the motion under consideration." Later he made an order denying the motion, and filed the following memorandum of his decision signed by him:

"I do think that the amount at stake justifies an order for a new trial.

"Motion for a new trial denied."

The absence of the word "not" in the first line of the ruling of the judge was taken to be a slip of the pen, it being assumed that the judge intended to say "I do not think" instead of "I do think."

The petitioner alleged exceptions to the admission of evidence as above narrated and to the ruling and order of the judge in denying his motion for a new trial.

*F. N. Newell,* for the petitioner.

*E. S. Abbott,* for the respondents, was not called upon.

SHELDON, J.  1. The declarations of Mrs. Witham which were admitted in evidence were made by her upon the petitioner's land while she was its owner.  They were competent against her and against those who, like the petitioner, claim under her.  *Daggett* v. *Shaw,* 5 Met. 223.  *Plimpton* v. *Chamberlain,* 4 Gray, 320.  *Tyler* v. *Mather,* 9 Gray, 177, 182.  *Chapman* v. *Edmands,* 3 Allen, 512, 514.  *Pickering* v. *Reynolds,* 119 Mass. 111.  *Simpson* v. *Dix,* 131 Mass. 179, 185.  *Flagg* v. *Mason,* 141 Mass. 64, 67.  *Rowell* v. *Doggett,* 143 Mass. 483, 488.  *Holmes* v. *Turner's Falls Co.* 150 Mass. 535, 544.  *Commonwealth* v. *Henchey,* 196 Mass. 300, 301.  In many of these cases the person who made the declarations was shown to be dead, and that fact was sometimes adverted to by the court; but in others his death was not shown; and we are not aware of any case in which proof of death was decided to be necessary before admitting evidence of such declarations against the declarant and those claiming under him in disparagement or limitation of their title.  Such declarations were held to be competent in England, although the person who made them was not only alive, but was actually present in court when the testimony was admitted.  *Woolway* v. *Rowe,* 1 Ad. & El. 114.  The same principle is maintained in *Deming* v. *Carrington,* 12 Conn. 1; *Beecher* v. *Parmele,* 9 Vt. 352; *Smith* v. *Powers,* 15 N. H. 546, 563; and *Treat* v. *Strickland,* 23 Maine, 234, 238.

It may be granted that such declarations, unaccompanied by any act which they characterized or explained, would be incompetent at common law in favor of their maker or his grantees.  *Flagg* v. *Mason,* 8 Gray, 556.  *Osgood* v. *Coates,* 1 Allen, 77.  *Morrill* v. *Titcomb,* 8 Allen, 100.  *Hayden* v. *Stone,* 121 Mass. 413.  But that is not the question here.  See *Gray* v. *Kelley,* 190

Mass. 184, 188. We cannot doubt that the evidence of Mrs. Witham's declarations was rightly admitted.

2. The respondents had a verdict, and the petitioner moved for a new trial. After argument thereon, the trial judge denied this motion, and filed a memorandum to the effect that he did not think that the amount at stake justified an order for a new trial. The petitioner contends that a new trial could not be refused for this reason.

We need not consider whether the exceptions are properly before us upon the certificate of the judge; for we are of opinion that they could not in any event be sustained. The motion was addressed wholly to the discretion of the judge. *Rowse, petitioner*, 195 Mass. 216. *Reeve* v. *Dennett*, 137 Mass. 315, 318. His memorandum is not a part of the record, and we cannot assume that he acted solely upon the ground therein stated. *Boyd, petitioner*, 199 Mass. 262. We have no right to revise the exercise of his discretion in refusing to grant a new trial.

We do not at all intimate that the fact that only a very small amount is in dispute may not often be an adequate reason for refusing a new trial that otherwise might be granted. *Boyden* v. *Moore*, 5 Mass. 365, 371. And see the cases collected in 29 Cyc. 838.

*Exceptions overruled.*