MICHAEL S. REGAL & another *vs.* PERLA C. LYON, administratrix.

Suffolk.    March 22, 1912. — May 27, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Appeal.

Under R. L. c. 173, § 96, as amended by St. 1906, c. 342, § 2, no appeal lies from a ruling of a judge of the Superior Court sustaining an answer in abatement and ordering judgment for the defendant, where no judgment has been entered.

CONTRACT against the administratrix of the estate of a constable for $110 alleged to have been deposited by the plaintiffs with the defendant's intestate in lieu of a bond to dissolve an attachment upon goods and effects of the plaintiffs. Writ dated April 4, 1910.

In the Superior Court the defendant filed an answer in abatement. The case was heard upon the matters alleged in this answer by *Jenney*, J., who made an order as follows: "Sustained after hearing and judgment ordered for the defendant."

The judge filed a memorandum of findings, which is referred to in the opinion as constituting no part of the record. The memorandum concluded as follows:

"On the foregoing facts, I rule that this action cannot be maintained, and sustain the answer in abatement and order judgment for the defendant.

"I am somewhat in doubt as to whether the matters set forth in said answer are properly matters in abatement, but inasmuch as the parties have been fully heard and have introduced such evidence as they desired as to all matters involved in the action, I have made the order as indicated."

The plaintiffs filed the following statement:

"Now come the plaintiffs in the above entitled cause and appeal from said court to the Supreme Judicial Court for Suffolk County, for deciding the issues raised by the defendant's answer in abatement for the defendant."

The case was submitted on briefs.

*S. Sigilman*, for the plaintiffs.

*W. H. Thorpe*, for the defendant.

BRALEY, J. The memorandum of his findings of fact and reasons for decision filed by the presiding judge who heard the case without a jury cannot be considered as constituting a part of the record on which the plaintiffs' appeal is founded. If dissatisfied with the ruling sustaining the defendant's answer in abatement they should have excepted. No judgment having been entered there is no question of law apparent upon the record for this court to decide and the appeal must be dismissed. R. L. c. 173, § 96. St. 1906, c. 342, § 2. *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31. *Chapman* v. *Briggs Iron Co.* 6 Gray, 330. *Hutchinson* v. *Tucker*, 121 Mass. 402. *Standish* v. *Old Colony Railroad*, 129 Mass. 158. *Ingalls* v. *Hobbs*, 156 Mass. 348. *New York Life Ins. Co.* v. *Macomber*, 169 Mass. 580. *Boyd, petitioner*, 199 Mass. 262. *Abbott* v. *Walker*, 204 Mass. 71.

*So ordered.*