RUTH PHEENEY *vs.* MALDEN COAL COMPANY.

Middlesex. March 9, 1938. — March 28, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, DOLAN, & COX, JJ.

*Practice, Civil*, Appeal; Statement by judge; Auditor: report.

Neither the report of an auditor whose findings were not to be final nor a statement by the trial judge, accompanying his order allowing a motion for judgment on the report, as to the conclusion justifiable on the report, was part of the record on an attempted appeal from the order; and the appeal did not lie under G. L. (Ter. Ed.) c. 231, § 96.

TORT. Writ in the First District Court of Eastern Middlesex dated March 3, 1937.

The action was removed to the Superior Court. Judgment for the defendant was ordered by *Beaudreau*, J. The plaintiff appealed.

*I. M. Davis*, (*P. T. Smith* with him,) for the plaintiff.

*D. W. Kelley*, (*W. I. Badger* with him,) for the defendant.

RUGG, C.J. This is an action of tort to recover the value of a dog, owned by the plaintiff, which was killed by a truck belonging to the defendant and being operated by its employee. The record as printed consists of copies of the writ, the declaration of the plaintiff, the answer of the defendant, an order of reference to an auditor, the report of the auditor, a motion for judgment for the defendant on the auditor's

report, a paper termed "Memorandum" signed by the trial judge whereby that motion was granted,* and the appeal of the plaintiff from the allowance of that motion.

The defendant raises the point that the case is not properly before us on appeal. G. L. (Ter. Ed.) c. 231, § 96. *Check* v. *Kaplan*, 280 Mass. 170, 174. It has been settled by numerous decisions that, under the present statutes, actions at law in the Superior Court can be brought before this court by appeal in only three instances: where there is (1) an order overruling or sustaining a demurrer on the ground that the facts pleaded do not in law support or answer the cause of action; (2) an order for judgment upon a case stated; and (3) an order decisive of the case founded upon matter of law apparent on the record. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. *Mathews* v. *Hathaway Baking Co.* 284 Mass. 328. *Palumbo* v. *Bambini*, 295 Mass. 427. *Mercadante* v. *Aldorasi*, 295 Mass. 596.

The plaintiff contends that the so called "Memorandum" (as to the use of this word, see *Commonwealth* v. *O'Neil*, 233 Mass. 535, 543) contains an error of law apparent on the record. That contention cannot be supported. That paper in a case like the present constitutes no part of the record. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495. *Boyd, petitioner*, 199 Mass. 262, 264. *Abbott* v. *Walker*, 204 Mass. 71, 74. It could have been made a part of the record only by being embodied in a bill of exceptions or in a report made by the trial judge. *Regal* v. *Lyon*, 212 Mass. 230. *Ballou* v. *Fitzpatrick*, 283 Mass. 336. Although the case was referred to an auditor, there was no provision that his findings of fact should be final. Therefore, his report was not the equivalent of a case stated. It was no part of the record. *Davis* v. *Gay*, 141 Mass. 531. *Gallagher* v. *Phinney*, 284 Mass. 255, 257. The case is not rightly before us on appeal. For that reason, the appeal must be dismissed. *Powdrell* v. *DuBois*, 274 Mass. 106, 108, 109. *Gallo* v.

---

* The "Memorandum" contained statements by the judge to the effect that there was nothing in the auditor's report which warranted a finding of negligence of the defendant, and the judge's order allowing the motion. — REPORTER.

*Foley,* 299 Mass. 1. *Styrnbrough* v. *Cambridge Savings Bank,* 299 Mass. 22. *Norman* v. *Barnes,* 298 Mass. 434. *Yoffa* v. *Shaw,* 299 Mass. 516.

It is not necessary to determine whether, if the case were rightly before us, the plaintiff could recover. See *Jabbour* v. *Central Construction Co.* 238 Mass. 453; *Nager* v. *Reid,* 240 Mass. 211; *Goetze* v. *Dominick,* 246 Mass. 310; *Whalen* v. *Mutrie,* 247 Mass. 316.

*Appeal dismissed.*