NEW YORK LIFE INSURANCE COMPANY *vs.* WILLIAM H. M. MACOMBER & others.

Bristol.    October 26, 1897. — November 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Collateral Statement of Judge no Part of Record — Auditor's Report — Exceptions — Appeal.*

In an action on a bond the statement of the ruling by a judge of the Superior Court that " the question as to the liability of the sureties on the bond, by reason of the special matter set up in their answers, is not open to the sureties after the verdict," although certified by the clerk as by the court, stands no differently from a memorandum to like effect under the hand of the judge, and is no part of the record; and the remedy of the sureties is by bill of exceptions, and not by appeal.

*It seems* that, after verdict and judgment upon a bond, at a hearing to fix the amount of the execution, the question of the release of the sureties by the obligee's concealment of facts is not open.

*It seems* that, in an action against the sureties on a bond given to secure present as well as future indebtedness, and executed without inquiry, the fact that the obligee had means of knowing that the principal was indebted is immaterial.

CONTRACT, against William H. M. Macomber as principal, and John C. Shaw and William F. Nye as sureties, on a bond. In the Superior Court judgment was entered for the plaintiff in the penal sum of the bond, with interest from the date of the writ; and the sureties appealed to this court.    The facts appear in the opinion.

*F. A. Milliken & A. E. Perry*, for the sureties.

*J. L. Gillingham*, for the plaintiff.

HOLMES, J.    This is an action upon a bond given to secure the discharge of his duties by an agent of the plaintiff, and is here by appeal of the sureties.    The case was tried before a jury upon answers denying everything, and alleging, among other things, that the plaintiff was guilty of laches in not informing these defendants of any claim it had against the principal obligor.    The jury found a verdict for the plaintiff for the penal sum of the bond, and the case was sent to an auditor, to ascertain, we assume, the amount for which execution should issue.    His report was filed, and thereafter the sureties amended their answers and set up fraudulent concealment of its knowledge on the part of the plaintiff.    The papers before us set forth the report and a supplemental report, and then a document headed "Finding," and beginning, "In the above entitled action judgment is to be entered for the plaintiff," etc., stating the amount and that execution is to issue for it, and then going on, "And the court ruled that the question as to the liability of the sureties on the bond, by reason of the special matter set up in their answers, is not open to the sureties after the verdict." This is what is relied on to raise the question of law which has been argued.    But this document, although certified by the clerk as by the court, stands no differently from a memorandum to like effect under the hand of the judge.    The collateral statement of the ruling by the court is no part of the record, and cannot be considered upon an appeal.    Pub. Sts. c. 152, § 10. If the defendants had wished to object to the ruling they should have excepted.    *Standish* v. *Old Colony Railroad*, 129 Mass. 158.

In deciding the case upon a technical ground, as we must, we do not wish to be understood to suggest any doubt as to the correctness of the ruling, (see *State* v. *Brinyea*, 5 Ala. 241, 243,

and *Leonard* v. *Whitney*, 109 Mass. 265, 267, 268,) or to intimate that the auditor's report discloses facts to support the defendants' contention. Without inquiry or interview with the plaintiff, the defendants executed a bond which was conditioned in terms on the payment of existing as well as future indebtedness, and forwarded it to the plaintiff. The plaintiff at the time did not know that the principal was in default, as in *Franklin Bank* v. *Cooper*, 36 Maine, 179, (see *Tapley* v. *Martin*, 116 Mass. 275,) and is not found even to have known that he was indebted. It "knew or had means of knowing." The case is not within the judgment of the majority in *Lee* v. *Jones*, 17 C. B. (N. S.) 482, even if the plaintiff's knowledge would have been material, which is open to question, as the bond expressly contemplates a present debt. *Wilmington, Columbia, & Augusta Railroad* v. *Ling*, 18 S. C. 116, 122. See *Watertown Ins. Co.* v. *Simmons*, 131 Mass. 85.                    *Appeal dismissed.*