FRED L. CRESSEY *vs.* JOB H. CRESSEY & others.

Essex.　November 6, 1912. — November 27, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Appeal, Memorandum of judge, Exceptions, Report.　*Partition.*

No appeal lies to this court from the findings of fact or the rulings of law made by a judge before whom a proceeding at law has been tried without a jury, nor from an order to enter an interlocutory judgment where no such judgment has been entered.

A memorandum filed by a judge before whom a proceeding at law has been tried without a jury, which states his findings of the material facts in the case and his rulings of law upon them without embodying them in a bill of exceptions or a report, is not a part of the record.

*It seems,* that upon a petition for partition, questions of law raised by the rulings of a judge upon the facts found by him at a hearing of the case without a jury, on which he ordered that an interlocutory judgment should be entered, may be brought before this court by a bill of exceptions before the case is ripe for final judgment; or such questions of law may be brought before this court by a report made by the judge under R. L. c. 173, § 105, as amended by St. 1910, c. 555, § 5.

RUGG, C. J.　This case is not before us properly.　It is a petition for partition.　A hearing was had before a judge of the Superior Court,* who filed a careful statement of the whole case and of his conclusions, entitled "Findings by the Court." This was a finding of the material facts and his rulings of law upon them.　Its concluding words were "Interlocutory judgment to be entered in accordance with the foregoing findings."　But no such judgment has been entered.　Two of the respondents appealed "from the findings of the court . . . and . . . from the conclusions of the court as expressed in said finding, and from the judgment and decree made or authorized by said findings."

A bare memorandum by a judge sitting without a jury in a proceeding at law forms no basis for an appeal grounded on an error of law and cannot be considered as a part of the record, however useful it may be for the information of the parties and as a foundation for other steps in the case.　*Regal* v. *Lyon,* 212 Mass. 230, and cases cited.　*Lopes* v. *Connolly,* 210 Mass. 487,

---

\* *McLaughlin,* J.

496. This is a proceeding at law and not in equity, where in this respect the rule is different. *Cohen* v. *Nagle,* 190 Mass. 4.

Errors of law under these circumstances can be taken advantage of only by a bill of exceptions. *New York Life Ins. Co.* v. *Macomber,* 169 Mass. 580. Findings of fact embodied in a bill of exceptions or a report of course are a part of the record. It has been settled practice for a long time that this court has no jurisdiction to consider an appeal until there has been a judgment. *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31, and cases cited.

If exceptions had been filed, even though the case was not ripe for final judgment, they could have been considered for the reason that a petition for partition is a peculiar proceeding and a judgment for partition is in a sense final. *Lowd* v. *Brigham,* 154 Mass. 107. See also *Hutchins* v. *Nickerson,* 212 Mass. 118, 120.

The questions of law raised by the rulings upon the facts found by the judge of the Superior Court might have been brought to this court also by report under R. L. c. 173, § 105, as amended by St. 1910, c. 555, § 5.

But as the jurisdiction of this court is affected by the error in bringing the case here in this way we are compelled to send it back.

*Appeal dismissed.*

*H. R. Mayo,* for the respondents Anna E. Emerson and Sarah E. Newhall.

*W. E. Dorman,* for the respondent Charles A. Newhall.

*G. C. Richards,* for the petitioner.