JOSEPH H. SASSERNO *vs.* CATHERINE C. SASSERNO.

Suffolk.    November 29, 1921. — March 3, 1922.

Present:· RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Marriage and Divorce,* Nullity of marriage; Procedure: decree, appeal, report.

A decree dismissing a libel for nullity of a marriage, entered before the expiration of twenty days after notice of the decision of the trial judge ordering the decree, has no effect as a final decree from which an appeal may be taken; but it may be given effect as an order for a decree, so that the case may be brought before this court for determination by a report of the trial judge, filed a year and five months after his decision and order for a decree and the attempted entry of a final decree.

A libel by a man for nullity of a marriage on the ground that the libellee "entered the holy estate of matrimony fraudulently and without intent to perform her marriage vows and obligations, and without intent to perform sexual and marital duties, and without intent to bear children but with intent to deceive your petitioner, and that your petitioner was deceived," must be dismissed where the judge who heard the case, while finding that, beginning about two years and eight months after the marriage, the libellee had continuously, wilfully and without justification refused to have sexual intercourse with the libellant and that during that period there had been no such intercourse, also stated that he was unable to find upon the evidence that the parties never had had intercourse, and found that the libellee did not marry the libellant intending never to have sexual intercourse with him.

LIBEL, filed in the Superior Court on April 10, 1919, for nullity of a marriage entered into on June 25, 1916, on the grounds that the libellee "failed to perform her marriage vows and obligations by unjustly and without cause refusing to have marital and sexual intercourse with your petitioner and to bear children," and that the libellee "entered the holy estate of matrimony fraudulently and without intent to perform her marriage vows and

obligations, and without intent to perform sexual and marital duties, and without intent to bear children but with intent to deceive your petitioner, and that your petitioner was deceived."

The libel was heard by *Hammond,* J. He found the facts to be as follows:

"The parties were married in June, 1916. They lived together first in Northfield, Vermont, and later in Boston in this Commonwealth. They last lived together in March, 1919.

"The libellee was about eighteen years old at the time of her marriage. The parties were engaged for about six months. Before marriage they made an agreement not to have sexual intercourse for six months.

"I find that the libellee did not marry the libellant intending never to have sexual intercourse with him. The libellant claimed and testified that the libellee never permitted him to have such intercourse and that he never had it. The libellee testified to the contrary and submitted to a medical examination at the hands of . . . [a physician] who reported that he was unable to say whether intercourse had taken place or not.

"I am unable to find upon the evidence that the parties have never had intercourse. I find, however, that for some time before March, 1919, the libellee persistently refused to have intercourse with her husband basing her refusal upon the claim that he had treated her unkindly and had not given her money enough. During this period no intercourse took place between the parties. I find that the libellee's refusal has been continuous, wilful and without justification. After the hearing I continued the case for three months, during which interval neither party made any offer to resume living together."

The judge ruled "that upon these facts the petitioner is not entitled to a divorce of nullity," and on May 10, 1920, ordered the entry of a decree, "Libel dismissed." That decree was entered on the same day.

By leave of this court the libellant was permitted to enter an appeal late on March 4, 1921.

On October 19, 1921, this court suspended argument of the case to enable the libellant to consult the judge who heard the case in the Superior Court as to reporting the case. Thereupon on October 29, 1921, he reported the case with the following statement:

"Being of opinion upon further consideration that the decree of May 10, 1920, was improperly entered before the expiration of the time allowed under common law Rule 46 [of the Superior Court] for saving exceptions to the ruling made on said date, that said 'decree' had, therefore, no greater force than an order for a decree, and that I have the right to do so, I now report the case at the request of the libellant and against the objection of the libellee for the determination of the full court, the libellee contending that I have no right so to do. If my ruling was correct, the order dismissing the libel is to stand; otherwise a decree of nullity is to be entered. If I have no power to report the case,·this report is to be discharged."

*A. Santosuosso,* for the libellant.

*H. R. Donaghue,* for the libellee.

BRALEY, J. The decree dismissing the libel before the expiration of twenty days after notice of the decision had been received in which the libellant had the right to file and prosecute exceptions to the judge's ruling, must be taken as having no greater effect than an order for a decree, and not as a final decree from which an appeal would lie to this court for errors of law apparent on the record. *Prescott* v. *Prescott,* 175 Mass. 64. *Tyndale* v. *Stanwood,* 186 Mass. 59, 63. *McCusker* v. *Geiger,* 195 Mass. 46. *Bartlett* v. *Slater,* 211 Mass. 334. *Harvey* v. *Bross,* 216 Mass. 57. *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, 546. R. L. c. 173, § 106, as amended by Sts. 1906, c. 342, § 2; 1911, c. 212. But if the appeal cannot be entertained, the case is properly before us on the report. *Lee* v. *Blodget,* 214 Mass. 374, 378.

The material allegations of the libel are, that the libellee not only has been wholly regardless of her marriage obligations, and without cause has refused to have marital intercourse with the libellant and to bear children, but that she entered into the contract of marriage fraudulently intending not to perform her marriage vows, and that the libellant was misled and induced to marry her by the deception practised upon him. *Reynolds* v. *Reynolds,* 3 Allen, 605. *Donovan* v. *Donovan,* 9 Allen, 140. It is settled by *Cowles* v. *Cowles,* 112 Mass. 298, that a wife's utter denial of sexual intercourse "does not go to the original validity of the marriage, and affords no ground for" a divorce from the bonds of matrimony or for a decree of nullity. See *Dickinson* v.

*Dickinson,* [1913] P. 198; *Napier* v. *Napier,* 84 L. J. (N. S.) 177. But in *Anders* v. *Anders,* 224 Mass. 438, it was held that where a woman went through a marriage ceremony secretly intending to leave her husband immediately thereafter and not to see him again as well as "to secure a right to bear the name of a married woman and in that way to hide the shame of having had an illegitimate child," and carried out her purpose, the husband who had acted in good faith and had been deceived was entitled to a decree of nullity. It was a question of fact whether the material allegations of the libel had been sustained.

The judge found that the libellee was not impotent and no valid reason appeared for her refusal of intercourse after six months from the date of the marriage had expired; a period of abstinence mutually agreed upon by the parties before marriage. This finding and his further findings, "that the libellee did not marry the libellant intending never to have sexual intercourse with him," and "I am unable to find . . . that the parties have never had intercourse," are conclusive in favor of the libellee. *Barron* v. *International Trust Co.* 184 Mass. 440, 443. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89.

The entry must be appeal dismissed; order dismissing libel to stand.

*So ordered.*