RUTH E. DEVINE *vs.* ANNA D. DECKROW & others.

Dukes County.    October 25, 1937. — December 7, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Devise and Legacy*, Residue, Construction of particular phrase. *Partition. Words,* "Estate."

Under a will with one clause giving a life estate in designated property and providing for its sale at the life tenant's death, the proceeds to "form part of the rest and residue of my estate," the residue, includ-

ing not only such proceeds but also real estate of the testator not mentioned specifically in the will, passed by a second clause disposing of "said estate" at the life tenant's death.

A petition for partition of land should have been dismissed because the petitioner did not have any present undivided legal estate in the land.

PETITION for partition, filed in the Probate Court for the county of Dukes County on May 20, 1937.

The case was heard by *Davis*, J., who entered a decree for partition and sale. The respondent B. M. C. Durfee Trust Company, trustee, appealed.

*W. E. Fuller*, for the respondent B. M. C. Durfee Trust Company, trustee.

*F. Kavolsky*, for Refina Estes and others.

*J. A. Kerns*, for Ruth E. Devine and another.

DOLAN, J. This is an appeal from an interlocutory decree (see *Joyce* v. *Dyer*, 189 Mass. 64) of the Probate Court for the county of Dukes County, dated July 9, 1937, ordering the partition and sale of certain real estate situated at Vineyard Highlands, Oak Bluffs, county of Dukes County, among certain persons named in the petition for partition and alleged to have derived their common title as heirs at law of Sarah Etta Chace (hereafter called the testatrix), late of Taunton in the county of Bristol, deceased. The persons therein named as tenants in common and their alleged respective shares are as follows: Anna D. Deckrow, one sixth; Ruth E. Devine, one sixth; Harrison M. Douglas, one third; Florence Borden, one sixth; Refina Estes, one sixth. Anna D. Deckrow, who assented to the petition, is called in the will Annie D. Hutchinson and in the "answer" of the respondent trust company, Anna Deckrow. The petition was heard upon an agreed statement of facts signed by counsel not only for those named in the petition as heirs at law of the testatrix or claiming through them, but also for those representing the trustee named in her will. The real estate which is the subject of the partition proceedings was owned by the testatrix at the time of her death and will be hereafter referred to as the Oak Bluffs real estate.

The will of the testatrix was executed on November 14,

1934. She died January 13, 1935. Her will was duly proved and allowed by the Probate Court for the county of Bristol and letters testamentary issued thereon to the B. M. C. Durfee Trust Company, the executor and trustee therein named, on May 3, 1935. At her death her heirs at law were as follows: "1. Fidelia H. Clark, Fall River, sister. (since deceased, intestate, October 24, 1935, leaving as her only heirs-at-law, Annie D. Hutchinson, now Deckrow, daughter, and Ruth E. Devine, daughter). 2. Florence E. Borden, Fall River, niece, Rufine [*sic*] Estes, Fall River, niece, children of deceased brother. 3. Harrison M. Douglas, Fall River, nephew, son of deceased brother."

The disposing parts of the will read as follows: "First: I give to Frank L. Deckrow of said Taunton my house and land situated on Longmeadow Road, in the said Taunton, and including all buildings on the lot, for and during his life. I direct that the same be sold after his decease and form part of the rest and residue of my estate. Second: I direct my executor to sell all of my personal effects upon the decease of said Frank L. Deckrow, including furniture and furnishings of my house. I give said Frank L. Deckrow the use of all said furniture and furnishings in my said house for his life. Upon his death, after said real estate has been converted into cash, and also said personal effects, I give to my sister Fidelia H. Clark the net income of my said estate during her life. Upon her death, I direct that the same be divided into three parts. I give one-third to her daughter, Annie D. Hutchinson. I direct that one-third be held in trust for the benefit of Wesley Hutchinson, paying him one-half of the net income thereof until he becomes forty years of age at which time the principal of the fund together with the remaining half of the income shall be paid to him discharged of all trust. I direct that one-third thereof be held in trust for the benefit of George Hutchinson paying him one half of the net income thereof until he becomes forty years of age at which time the principal of the fund together with the remaining half of the income shall be paid to him discharged of all trust. In case of the death of either said Wesley Hutchinson or his

brother George Hutchinson without issue before becoming forty years of age, I give the share here given to said deceased legatee to the survivor of them, discharged of all trust. In case of the death of either or both leaving issue before becoming forty years of age I direct that such issue shall take by right of representation and discharged of all trust."

Frank L. Deckrow and Fidelia H. Clark, named in the will, survived the testatrix but died prior to the filing of the petition for partition. The respondent trust company was duly appointed trustee under the will of the testatrix by the Probate Court for the county of Bristol on March 26, 1937, under separate appointments for the benefit of Wesley Hutchinson and George Hutchinson respectively.

"It is well settled that a construction of a will resulting in intestacy is not to be adopted unless plainly required; and it is to be presumed that when a will is made the testator intended a disposition of all his property and did not intend to leave an intestate estate." *Lyman* v. *Sohier*, 266 Mass. 4, 8. The "cardinal rule in the interpretation of wills, to which all other rules must bend, is that the intention of the testator shall prevail, provided that it is consistent with the rules of law." *McCurdy* v. *McCallum*, 186 Mass. 464, 469. *Olney* v. *Hull*, 21 Pick. 311, 313. See also *Malcolm* v. *Malcolm*, 3 Cush. 472, 477, and *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35, 38.

It is manifest that, in providing that after the death of Frank L. Deckrow the Taunton real estate devised to him for life should be sold and "form part of the rest and residue" of her estate, the testatrix had in mind that she was possessed of property other than the Taunton real estate and that, in disposing of her "said estate" after the death of said Deckrow, she intended then to dispose of her whole estate and not merely the proceeds of the sale of her house in Taunton and its furnishings. Reading the will as a whole we think the object of the testatrix was that upon the death of said Deckrow there should be a union of all her property for further disposition. It would be unreasonable to hold that it was her intention that the union

once created was to be severed at its inception and that the devise of her "said estate" in the second clause of her will should pass the part only and not the whole. We are of opinion that the words "said estate" in the second clause were intended by the testatrix to refer to the word "estate" in the first clause of the will where she provided that at the death of said Deckrow the Taunton real estate should be sold and "form part of the rest and residue of" her "estate," and that, therefore, what passed by the provisions of the will after said Deckrow's death was not only the proceeds of the Taunton real estate and its furnishings, but also the rest and residue of the estate of the testatrix which she had not immediately disposed of.

Under this construction it follows that, as the testatrix did not part with the immediate fee in the Oak Bluffs real estate, which was comprised in the rest and residue of her estate, said real estate descended on her death to her heirs at law, but subject to be determined upon the death of said Deckrow, and that, upon the happening of that event, it passed by executory devise to those designated by the testatrix to take her "estate" at that time. See *Goodright* v. *Cornish,* 1 Salk. 226; *Chambers* v. *Wilson,* 2 Watts, 495; *Nightingale* v. *Burrell,* 15 Pick. 104, 110 *et seq.;* *Brattle Square Church* v. *Grant,* 3 Gray, 142; *Hall* v. *Priest,* 6 Gray, 18, 20; 2 Washburn on Real Property (6th ed.) § 1740; and Fearne on Contingent Remainders (7th ed.) 395.

As before pointed out, at the time of the filing of the petition for partition, to wit, May 20, 1937, Frank L. Deckrow and the testatrix's sister Fidelia had deceased. Fidelia died October 24, 1935. It does not appear from the record when said Deckrow, who survived the testatrix, died. Perhaps it may be fairly inferred from the fact that the respondent trust company did not qualify as trustee under the will until March 26, 1937, that said Deckrow survived Fidelia. In any event, both had died before the institution of the partition proceedings, and in our view the Oak Bluffs real estate was then vested by the executory devise one third in Annie D. Hutchinson Deckrow, one third in the respondent trust company as trustee for Wesley Hutchin-

son and one third in the said trust company as trustee for George Hutchinson.

This being so, the petitioner was not, as provided in G. L. (Ter. Ed.) c. 241, § 1, the owner of a present undivided legal estate in the land in question and therefore had no standing to bring the petition for partition. G. L. (Ter. Ed.) c. 241, § 10, provides that "If it is found that the petitioner is entitled to have partition for the share claimed or for any less share, the court shall make the interlocutory decree that partition be made, and therein determine the persons to whom and the proportions in which the shares shall be set off." As the Probate Court could not properly find that the petitioner was entitled to have partition "for the share [she] claimed or for any less share" it was error to enter the decree appealed from. The decree of the Probate Court is reversed and a final decree is to be entered dismissing the petition for partition.

*Ordered accordingly.*