ARTHUR S. FLINT *vs.* TOWN OF WILMINGTON.

Middlesex.    October 7, 1941. — October 8, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Appeal, Petition for assessment of land damages.

No appeal lies in a proceeding for the assessment of damages resulting from the taking of property by eminent domain under St. 1926, c. 276, and G. L. (Ter. Ed.) c. 79.

Findings by a trial judge which were the ground for an order sustaining an "answer in bar" to a petition for assessment of damages resulting from a taking of property by eminent domain and an order dismissing the petition were not a part of the record upon an attempted appeal from the orders, and the appeal would not have lain under G. L. (Ter. Ed.) c. 231, § 96, even if that statute had been applicable to the proceeding.

PETITION, filed in the Superior Court on February 14, 1940.

The case was heard by *Hurley*, J.

*M. K. Campbell*, for the petitioner.

*P. B. Buzzell*, for the respondent.

FIELD, C.J.    This is a petition for the assessment of damages for the taking of property by eminent domain under St. 1926, c. 276, and G. L. (Ter. Ed.) c. 79. The respondent filed a so called "answer in bar." The case was heard by a judge of the Superior Court upon the petition and "answer in bar." He made "findings, rulings and orders." He ordered the "answer in bar" sustained and

the petition dismissed. The petitioner appealed from the orders and rulings. This appeal has no standing.

A petition of this nature is purely statutory. *Hester* v. *Brockton*, 251 Mass. 41, 42. There is no right of appeal unless authorized by statute. Neither G. L. (Ter. Ed.) c. 79, nor St. 1926, c. 276, expressly authorizes an appeal. Matters of pleading and practice not specifically provided for are governed by the applicable sections of G. L. (Ter. Ed.) c. 231. That chapter contains many sections dealing with pleading and practice, including provisions for review on report and exceptions, and also a limited provision for appeal. § 96. By § 145 many of these sections, including §§ 111 and 112, relating to reports, and §§ 113–115, 117–121, relating to exceptions, are made applicable "to petitions for damages by taking by eminent domain." But § 96, relating to appeals, is not so made applicable and, consequently, does not apply to the present proceeding. There is no other statutory authority for an appeal in such a proceeding.

Moreover, even if § 96 were applicable to a proceeding like this, that section would not apply to the present case. It applies to but three classes of cases, no one of which would include the present case. Clearly, there is here no order overruling or sustaining a demurrer, and no order for judgment on a case stated. Nor is there any "order decisive of the case founded upon matter of law apparent on the record." The orders do not purport to be so founded. The pleadings raise questions of fact. And obviously the orders were based upon facts found by the trial judge. Such findings, however, are not a part of the record. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134–135. *Yoffa* v. *Shaw*, 299 Mass. 516, 517. Consequently, questions of law raised thereby are not "apparent on the record."

*Appeal dismissed.*