° MABEL ESTELLE WATTS (now BOGERT) vs. HORACE WELLINGTON WATTS.

Suffolk.    May 6, 1942. — December 1, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Marriage and Divorce*, Appeal, Report, Proceeding in Superior Court. *Practice, Civil*, Appeal, Report, Order for judgment.

A petition in the Superior Court under § 37 of G. L. (Ter. Ed.) c. 208 for modification of a decree for alimony in a divorce case was a proceeding at law and no appeal lay therein except under § 96 of c. 231.

A purported final decree, entered before the expiration of the time for exceptions on a petition for modification of a decree for alimony in a divorce case in the Superior Court, could have no greater effect than an order for judgment.

Findings and rulings made by a judge of the Superior Court after hearing a petition for modification of a decree for alimony in a divorce case were not part of the record before this court on an attempted appeal from the judge's order for decree on the petition, treated as an order for judgment.

An order for a decree upon a petition for modification of a decree for alimony in a divorce case in the Superior Court was not an "order decisive of the case founded upon matter of law apparent on the record" within G. L. (Ter. Ed.) c. 231, § 96, and was not appealable.

Although an appeal did not lie under G. L. (Ter. Ed.) c. 231, § 96, from an order for decree on a petition for modification of a decree for alimony in a divorce case in the Superior Court, it would still be within the authority of the trial judge to report the case to this court.

LIBEL FOR DIVORCE, filed in the Superior Court on October 1, 1917.

A decree nisi and a decree for alimony were entered on January 29, 1918. A petition by the libellee for modification of the decree for alimony was filed on July 26, 1941, and was heard by *Dowd*, J., who filed what purported to be a final decree, from which the libellee appealed.

A motion by the libellant to dismiss appeals by the libellee was denied by *Hammond*, J., and the libellant alleged exceptions.

*R. B. Heavens*, for the libellee.

*J. W. Worthen*, (*A. G. Avery* of New York with him,) for the libellant.

DOLAN, J.    This is a petition brought in the Superior
Court, under the provisions of G. L. (Ter. Ed.) c. 208,
§ 37, for modification or vacation of a decree for alimony
dated January 29, 1918, entered in connection with a decree
nisi of divorce, dated the same day, which became absolute
in due course. G. L. (Ter. Ed.) c. 208, § 21. The decree
nisi was granted upon the libel of the respondent against
the petitioner. The prayer of the present petition is that
"a decree be entered modifying or vacating the decree . . .
for the payment of alimony and that the modifying decree
be entered nunc pro tunc as of date of the entry . . ." of
the decree for alimony.

After hearing the judge filed a document on February 3,
1942, entitled, "Amended Statement of Findings, Rulings
and Order for Decree." This document, while phrased in
part in the terms of a final decree, we think was intended
to be an order for decree and should be treated as such,
since the record discloses that, on the same day, what pur-
ports to be a final decree was entered by order of the judge,
and is docketed following the entry of the document first
referred to. The contents of the statement of findings,
rulings and order for decree may be summarized as follows:
The decree for alimony entered on January 29, 1918, ordered
the libellee, the petitioner here, to pay to the libellant, the
respondent here, $162.50 monthly in equal instalments of
$40.62, the first payment to be made on Friday, February
1, 1918. The decree nisi became absolute on "July 29,
1918," and in September of 1918 the respondent married
one Bogert, a resident of the State of New York, and lived
with him in that State until his death on July 10, 1939.
He was a man of substantial means and earning capacity,
averaging from 1920 to the time of his death $11,250 a
year. He left an estate of at least $75,000. He "left to
the . . . [respondent] the proceeds of an insurance policy
in the amount of $10,500 and a bequest under his will in
trust a fund of $25,000." The respondent has other prop-
erty. The respondent was properly and sufficiently sup-
ported by Bogert, "she did not need nor require support
from the" petitioner, and at no time did she endeavor or

attempt to enforce the decree for alimony until June 5, 1941, when demand was made "for payment of the arrears under said decree." At no time has the petitioner made any of the payments required by said decree. Since the entry of the decree the petitioner has remarried, has a wife and two children dependent upon him for support, and has contributed to the support of his mother. His "income for the past year amounts to $10,000." Under the provisions of Bogert's will, in addition to the income payable from the trust fund of $25,000, the trustees are empowered in their discretion to pay to the respondent from the principal such sums as she may need. The trustees have refused to make payments to her from principal, because of representations made to them and to the courts of New York that a large sum of alimony in arrears was due the respondent under the decree in question. The judge ruled that "this court has no power to revoke or modify the decree . . . as to arrears of alimony already due and payable to the libellant," reciting that he made "this ruling without prejudice to the rights of either party hereto, on scire facias petition or other legal process brought to enforce said decree," and "As to future alimony, it is ORDERED, ADJUDGED and DECREED that the decree of January 29, 1918, be and hereby is modified to the extent that the libellee shall not be required to make any further payments of future alimony after the entry of this decree . . . ."

The subsequent decree is in the following form. "This cause came on to be heard on the libellee's 'Petition to Modify Divorce Decree,' as amended, and was argued by counsel; and thereupon, upon consideration thereof, it is ORDERED, ADJUDGED and DECREED that the decree of this court, entered herein on January 29, 1918, be and it hereby is revised only to the extent that until further order of this court the libellee shall not be required to make any payments of installments of alimony falling due under said decree after the date of entry hereof; and that in all other respects said petition be and it hereby is denied. . . . Entered: February 3, 1942."

The petitioner appealed from the amended statement of

findings, rulings and order for decree and from the final decree on February 7, 1942. On March 4, 1942, the respondent filed a motion to dismiss "these appeals" on the grounds that neither the statement of findings, rulings and order for decree nor the decree itself constituted an order " 'decisive of the case founded upon matter of law apparent on the record,' within the meaning of" G. L. (Ter. Ed.) c. 231, § 96, and that no exceptions were saved by the petitioner. The judge denied that motion on March 25, 1942, and the respondent duly excepted to his action in that respect.

In support of her exception to the denial of her motion just referred to, the respondent has argued that the order for decree was not one appealable under c. 231, § 96, and that since divorce proceedings are not suits in equity, but are on the law side of the court, the only remedy that was open to the petitioner was by exceptions which he did not save. The petitioner, however, relying on certain decisions of this court to which we will later refer, and upon the provisions of G. L. (Ter. Ed.) c. 208, § 33, that in proceedings coming within the purview of c. 208 (the divorce statute), the "court may, if the course of proceeding is not specially prescribed, hear and determine all matters coming within the purview of this chapter according to the course of proceedings in ecclesiastical courts or in courts of equity," has argued that appeal lies in the present case.

Section 33 was first enacted in almost identical language by Rev. Sts. c. 76, § 38, and has been in force ever since. It is recognized that under § 33 the course of proceedings in the hearing and determination of all matters coming within the purview of the divorce statute is assimilated to that in ecclesiastical courts and courts of equity, *MacLennan* v. *MacLennan,* 311 Mass. 709, 712, and cases cited, but whenever the subject has been discussed it has been pointed out that divorce proceedings are not suits in equity, but are on the law side of the court, and it has never been held, so far as we are able to discover, that the provisions of G. L. (Ter. Ed.) c. 214, § 19, relative to appeals from final decrees in equity, apply in divorce proceedings in the

Superior Court. On the contrary, we think that it must be held that such cases as *Sparhawk* v. *Sparhawk*, 120 Mass. 390, 392, and *Greenia* v. *Greenia*, 206 Mass. 449, 450, are decisive authority to the effect that divorce proceedings are at law, and that the provisions for appeal in suits in equity have no application to matters arising under the divorce statute in the Superior Court, contrary to the practice governing such matters arising under that statute in the Probate Courts as well as all other matters within the jurisdiction of those courts by virtue of G. L. (Ter. Ed.) c. 215, §§ 9–29.

It is true, as argued by the petitioner, that in a number of instances appeals from decrees entered upon petitions brought in the Superior Court as was the present petition under c. 208, § 37, or a predecessor statute identical in terms, have been entertained and decided in this court. In none of those cases, however, was the question now under consideration discussed, and in most of them the decrees appealed from were founded upon matter of law decisive of the case, apparent on the record. *Knapp* v. *Knapp*, 134 Mass. 353, was an appeal from the denial of a writ of scire facias, and the appeal was rested on the contention that on the facts set forth in the writ it could be maintained. In that case obviously the decree was founded upon matter of law apparent on the record. *Hill* v. *Hill*, 196 Mass. 509, was an appeal from a decree sustaining a demurrer and hence within the provisions of c. 231, § 96. *Farrington* v. *Boston Safe Deposit & Trust Co.* 280 Mass. 121, was an appeal from a decree entered after hearing upon a case stated, and likewise was within the terms of § 96. *Perkins* v. *Perkins*, 225 Mass. 392, was an appeal from a decree in which the judge made a nunc pro tunc order. The question of the authority to do so was apparent on the record but this court did discuss the facts found. The question whether appeal was the appropriate remedy of the appellant does not appear to have been raised in that case. *Smith* v. *Smith*, 190 Mass. 573, is somewhat like the present case. In the *Smith* case the question of law argued was whether the court had jurisdiction to grant additional ali-

mony, and it was decided that the order allowing further alimony "must be construed to be a finding that there was a change in the circumstances of the libellee" (page 576) which would justify the exercise of jurisdiction by the court. In that case the decree appealed from recited that it was made "by reason of the present condition of the petitioner." It is conceivable by virtue of this statement contained in the decree itself that the question of law upon which the decree depended was apparent on the record. *Brown* v. *Brown*, 222 Mass. 415, was decided when an appeal under what is now G. L. (Ter. Ed.) c. 231, § 96, had to be taken from a judgment, and not from an order for judgment. No judgment had been entered in that case, and so it was held, without considering any other question, that the appeal would not lie. *Bergeron* v. *Bergeron*, 287 Mass. 524, was an appeal from the denial of a motion to dismiss a petition for custody of a minor child for lack of jurisdiction and from a final decree awarding custody to the respondent, his mother. The question of jurisdiction depended upon the determination of certain facts and the case was decided so far as appears upon the report of a master to whom the petition for custody had been referred for hearing, after which the petitioner himself raised the question of jurisdiction (page 525). This court did discuss the findings of the master, and it is difficult to see how the case can be said to come within the provisions of c. 231, § 96. The point of practice under discussion here was not raised in that case. *Churchill* v. *Churchill*, 239 Mass. 443, 445, was a case which came to the Superior Court by way of appeal from a decree for separate support entered in the Probate Court under R. L. c. 153, §.33, and from the Superior Court to this court by appeal from an order entered on the docket of the Superior Court. The order was treated as a final decree but on its face was not in proper form. The docket entries in that case were before this court and the question of law involved was apparent on the record.

On the whole we are of opinion that there is nothing in the cases that we have just discussed sufficient to shake the rule established by precise decisions that the provisions of

G. L. (Ter. Ed.) c. 214, § 19, relative to appeals in suits in equity have no application to decrees entered in the Superior Court under the divorce statute. There is nothing in *Patterson* v. *Patterson*, 197 Mass. 112, in conflict with what we have just said. In that case a petition was filed in the Superior Court, where a decree had been previously entered granting a divorce from the petitioner to the respondent, to establish title to property as between the libellant and libellee. It was there held that under what is now § 33 of c. 208 the only jurisdiction in equity that was conferred thereby was of such controversies as were a part of or incidental to suits for divorce, and that the statute was not intended to apply to controversies between husband and wife in regard to the ownership of property (page 118). The case was heard in this court upon the respondent's appeal. But the petition itself related to a subject matter that was cognizable by equity jurisprudence, and the matter of law decisive of the case was apparent on the record and the appeal was properly before the court.

We think that the provision of St. 1936, c. 221, § 1, amending the provisions of § 33 of c. 208, does no more than to confer upon the trial courts jurisdiction in matters coming within the purview of c. 208 (or of § 32 of c. 209) "of all causes cognizable under the general principles of equity jurisprudence" between the husband and the wife. The effect of this amendment and the appropriate practice thereunder are discussed in the recent case of *MacLennan* v. *MacLennan*, 311 Mass. 709, 711, where it is pointed out that the suit in equity, although a part of the original divorce proceeding, "pursues a separate path to a separate end of its own 'in accordance with the usual course of practice in equity proceedings,'" and that "Pleadings, orders, decrees, and other papers pertaining to the equity matter would properly be entitled and filed in the original proceeding under c. 208 (or under § 32 of c. 209), but should be in some manner specially designated as applicable to the asserted cause of action in equity." The plain implication is that the character of all other matters within the purview of the divorce statute is unchanged, and that they remain

under our settled law proceedings at law and not in equity. See by way of analogy *Bennett* v. *Kimball,* 175 Mass. 199, 200.

It is established that there can be no appeal in an action at law except in a case coming within the provisions of G. L. (Ter. Ed.) c. 231, § 96. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 461. *Norman* v. *Barnes,* 298 Mass. 434, 438. *Styrnbrough* v. *Cambridge Savings Bank,* 299 Mass. 22, 23. *Flint* v. *Wilmington,* 310 Mass. 66, 67. Since the proceeding now under consideration is at law, the question arises whether the order for decree, that is, for judgment entered in the court below, is one "decisive of the case founded upon matter of law apparent on the record." In the consideration of that question we deal with the statement of findings, rulings and order for decree, as an order for judgment. The purported final decree entered by order of the judge can have no greater effect than the order for judgment previously entered from which the petitioner also appealed, since the purported final decree was entered before the time fixed for appeal in a proper case under c. 231, § 96, and before that fixed for taking exceptions to the direction or order for judgment under Rule 72 of the Superior Court (1932) had expired, and hence was improperly entered. Rule 79 of the Superior Court (1932). *Sasserno* v. *Sasserno,* 240 Mass. 583, 585.

It is settled by numerous decisions of this court that under the present statutes actions at law in the Superior Court cannot be brought before this court by appeal except in the three instances set forth in G. L. (Ter. Ed.) c. 231, § 96, and that the statement of findings or rulings made by a judge in such actions can be considered by this court only upon bill of exceptions or report by the judge. *Standish* v. *Old Colony Railroad,* 129 Mass. 158, 159. *New York Life Ins. Co.* v. *Macomber,* 169 Mass. 580, 581. *Cressey* v. *Cressey,* 213 Mass. 191, 192. *Styrnbrough* v. *Cambridge Savings Bank,* 299 Mass. 22, 23, 24. *Yoffa* v. *Shaw,* 299 Mass. 516, 517. *Pheeney* v. *Malden Coal Co.* 300 Mass. 60, 61. *Flint* v. *Wilmington,* 310 Mass. 66, 67. An examina-

tion of these cases discloses that this rule has been strin-
gently applied to statements of findings and rulings, and
rulings incorporated in orders appealed from, all of which
have been held not to have been properly a part of the
record, and not to bring the case properly before this court
on appeal. In *New York Life Ins. Co.* v. *Macomber*, 169
Mass. 580, 581, an action at law, the court said: "The
papers before us set forth the report and a supplemental
report [of an auditor], and then a document headed 'Find-
ing,' and beginning, 'In the above entitled action judgment
is to be entered for the plaintiff,' etc., stating the amount
and that execution is to issue for it, and then going on,
'And the court ruled that the question as to the liability of
the sureties on the bond, by reason of the special matter
set up in their answers, is not open to the sureties after the
verdict.' This is what is relied on to raise the question of
law which has been argued. But this document, although
certified by the clerk as by the court, stands no differently
from a memorandum to like effect under the hand of the
judge. [In the case before us the statement of findings,
rulings and order for decree is signed by the judge.] The
collateral statement of the ruling by the court is no part
of the record, and cannot be considered upon an appeal.
. . . If the defendants had wished to object to the ruling
they should have excepted." The *Cressey* case was a peti-
tion for partition, which was heard by a judge of the
Superior Court who filed a statement of the whole case and
his conclusions, entitled "Findings by the Court," and in
which he ordered the entry of an interlocutory judgment
for partition. Two respondents appealed from the findings
of the judge and his conclusions, and from "the judgment
and decree made or authorized by said findings." It was
there held that the proceeding was one at law, and that
errors of law in the circumstances recited could be taken
advantage of only by bill of exceptions, or upon report by
the judge. In that case it was recognized that the inter-
locutory decree could properly have come before this court
upon bill of exceptions or report, under an exception to the
general rule, since it was in a sense a final judgment. See

*Joyce* v. *Dyer*, 189 Mass. 64; *Devine* v. *Deckrow*, 299 Mass. 28, 29. The same rules were applied in the other cases cited just above. We are unable to take the present case out of the established rules.

It follows that the findings and rulings made by the judge are not properly a part of the record and cannot be considered by us, and hence that the order appealed from cannot be said properly to be one founded upon matter of law decisive of the case apparent on the record; that the respondent's exception to the denial of her motion to dismiss the petitioner's appeal must be sustained, and that an order must be entered allowing the motion. But since the purported final decree entered in the court below cannot have any greater effect than an order for decree it is still within the power of the judge, should he see fit, to report the case to this court for determination under G. L. (Ter. Ed.) c. 231, § 111. "Short of final judgment, no definite limit has ever been set for the exercise of the power to report. . . . [And a] common and well recognized reason for making a report is that a party, through ignorance or inattention, has lost meritorious exceptions which were intended to raise the same question of law presented by the report." *Granger* v. *Lovely*, 302 Mass. 504, 506, 507, and cases cited. In all the circumstances of the present case we think that the petitioner should be given an opportunity, before final decree is entered in the court below, to apply to the trial judge for a report of the case. In view of the important questions of law sought to be presented to this court for determination, it can hardly be presumed that the trial judge will not exercise his power to report the questions of law actually raised for determination by this court. *Sasserno* v. *Sasserno*, 240 Mass. 583, 584, 585. *Everett-Morgan Co.* v. *Boyajian Pharmacy*, 244 Mass. 460, 463.

The respondent's exception to the denial of her motion to dismiss the petitioner's appeal is sustained, the order denying the motion is reversed and instead an order is to be made allowing the motion and dismissing the appeal.

*So ordered.*