## MATTER OF LOUIS G. LOEB.

Middlesex.    November 8, 1943. — December 8, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Attorney at Law. Practice, Civil,* Appeal; Exceptions: what questions open; Findings by judge; Membership in the bar; Review by Supreme Judicial Court.

An appeal, purporting to be from "findings and order" directing suspension of an attorney, brought nothing to this court and was ordered dismissed.

A bill of exceptions containing an exception to "the findings and order of the court" directing suspension of an attorney together with all the evidence at the hearing on the merits, some of which was conflicting, did not present to this court the question, whether "the findings" were warranted by the evidence.

An exception by the respondent to "the findings and order of the court" directing suspension of an attorney, set forth in a bill of exceptions which included all the evidence at the hearing on the merits, was overruled where, although the judge erroneously found that the business of making out simple income tax returns for salary and wage earners was the practice of law and that the respondent solicited patronage for that business by advertising, he earlier in the document containing his "findings and order" stated findings that the organization conducting such business, of which the respondent was the real owner, also promised patrons the services of counsel in tax matters and that the "legal counsel" was the respondent, which were findings of misconduct, and stated in the concluding sentence of the document: "In consequence of the foregoing . . . [such] order may be entered"; the word "foregoing" in such concluding sentence referred to all the findings and the order and imported the finding of all facts necessary to sustain it.

A contention by an attorney that an order suspending him for three months was too severe was not open on an exception to the order, the

matter of the period of suspension being discretionary with the judge and no abuse of discretion appearing.

If an attorney by a bill of exceptions brings to this court the question whether error appeared in disciplinary proceedings against him, this court will not disregard the ordinary appellate procedure applicable upon exceptions and review questions which the exceptions did not present.

INFORMATION, filed in the Superior Court on March 3, 1943.

The case was heard by *Morton*, J., with the proceedings reported, *ante*, 176.

On March 9, 1943, the judge filed the "findings and order" described in the opinion, and directed the entry of an order suspending the respondent "from all practice of the law throughout the Commonwealth for a period of three months."

On March 12, 1943, the respondent claimed an exception to the "findings and order," and on the same day filed an appeal therefrom.

On July 30, 1943, the respondent filed a "substitute bill of exceptions," which was allowed on the same day. Material averments therein were as follows: "Inasmuch as there will be transmitted to the Supreme Judicial Court transcript of the evidence taken upon the trial of this proceeding, the same being tried at the same time with and upon the same evidence as . . . [the proceeding reported, *ante*, 176] appeal in which said last named action is pending before the full court; in which said transcript all the testimony of witnesses, objections and rulings are set forth and which constitutes all the material testimony in both of said causes, it is agreed by counsel that the said transcript of testimony and the exhibits at the said trial, which are to be presented to the full court at the time of the argument, shall constitute the bill of exceptions in this case, and the same constitute all the material evidence to determine the questions of law saved by respondent."

*H. W. Cole*, (*C. W. O'Brien* with him,) for Louis G. Loeb.

*R. B. Walsh*, for Lowell Bar Association, (*A. Z. LeMoine*, Assistant Attorney General, with him, for the Attorney General).

LUMMUS, J.   The Lowell Bar Association informed the Superior Court of alleged professional misconduct on the part of the respondent, a member of the bar.  *Matter of Keenan*, 313 Mass. 186.  After a hearing, a judge of that court found that the respondent solicited law business by advertising.  He made an order suspending the respondent from practice for three months.  The respondent excepted to, and also appealed from, "the findings and order of the court made and filed on March 9, 1943."  The transcript of the evidence, which is the same evidence reported in the case of *Lowell Bar Association v. Loeb, ante,* 176, is made a part of the bill of exceptions.  The respondent contends that the evidence did not warrant the findings, that the subsidiary findings did not warrant the ultimate finding of misconduct and the order of suspension, and that the penalty was too severe.  On the other side, it is contended that the penalty was inadequate.

None of these contentions can prevail.

(1) The judge filed on March 9, 1943, what he called "findings and order," which recited certain facts and ordered suspension as hereinbefore stated.  The respondent appealed "from the findings and order of the court."  Disciplinary proceedings are at law, not in equity, and appellate procedure in them ordinarily is governed by the statutes regulating practice in civil actions at law as far as they are applicable.  *Boston Bar Association v. Casey,* 227 Mass. 46, 51. *Matter of Mayberry,* 295 Mass. 155, 166, 167.  *Matter of Keenan,* 313 Mass. 186, 204, et seq.  The only appeal from the Superior Court known in actions at law is the one provided for by G. L. (Ter. Ed.) c. 231, § 96.  *Styrnbrough v. Cambridge Savings Bank,* 299 Mass. 22, 23.  Of the three classes of orders appealable under that section, the only one that might be thought applicable is "any order decisive of the case founded upon matter of law apparent on the record."  For the history of that section, see *Keljikian v. Star Brewing Co.* 303 Mass. 53.  It is settled that such "findings and order" as were made and filed in this case do not, in a proceeding at law, become part of the "record" within that section.  *Cressey v. Cressey,* 213 Mass. 191.  *Powdrell* v.

*DuBois*, 274 Mass. 106. *Check* v. *Kaplan*, 280 Mass. 170, 174. *Yoffa* v. *Shaw*, 299 Mass. 516. *Flint* v. *Wilmington*, 310 Mass. 66. *Watts* v. *Watts*, 312 Mass. 442, 449, 450. *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 718. The "findings and order" were not made part of the bill of exceptions. If they had been they would not have become part of the record for the purpose of appeal (see *Tyndale* v. *Stanwood*, 186 Mass. 59, 61, 62), for when the "order decisive of the case" was made and when the appeal was claimed, the bill of exceptions had not been allowed, and consequently had not become part of the record for any purpose. The appeal must therefore be dismissed.

(2) The only exception argued by the respondent is one taken to "the findings and order of the court." We pass by the fact that the findings and order were not expressly made a part of the bill of exceptions, and treat the case as though they were. Where the subsidiary facts are conceded or otherwise established, and all that remains is to draw the ultimate inference of fact and to apply the law, an exception to the general or ultimate finding opens the question whether it was warranted on the subsidiary facts. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166, 167. *Gaw* v. *Hew Construction Co.* 300 Mass. 250, 252. *Federal National Bank* v. *O'Connell*, 305 Mass. 559, 564, 565. *Sreda* v. *Kessel*, 310 Mass. 588, 589, 590. That rule does not apply to the question whether the evidence warranted the findings in the present case. Some of the subsidiary facts were disputed. Apart from the exceptional rule of the *Leshefsky* case, an exception to a finding does not present the question whether it was warranted by the evidence. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555. *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, 94, 95. *Ross* v. *Colonial Provision Co. Inc.* 299 Mass. 39, 41. *Baker* v. *Davis*, 299 Mass. 345, 348, 349. *Looby* v. *Looby*, 303 Mass. 391, 392. *Carney* v. *Cold Spring Brewing Co.* 304 Mass. 392, 396. *Federal National Bank* v. *O'Connell*, 305 Mass. 559, 565. *Lakeville* v. *Cambridge*, 307 Mass. 433, 435. *Sreda* v. *Kessel*, 310 Mass. 588, 589. *James B. Rendle Co.* v. *Conley & Daggett, Inc.* 313 Mass. 712. *Langdoc*

v. *Gevaert Co. of America, Inc., ante,* 8. The exception to
the findings, so far as it attacks the sufficiency of the evi-
dence to support them, must be overruled.

(3) The respondent contends that the same exception
opens the question whether the finding of professional mis-
conduct was warranted in law upon the subsidiary findings
recited in the "findings and order." It may be questioned
whether this contention is open upon an exception so general
in its terms. An exception must call to the attention of the
judge the particular error alleged, in order that if possible
he may correct it. In this case, if the point had been called
to the attention of the judge, he might have made further
express findings of fact. *Anderson v. Beacon Oil Co.* 281
Mass. 108. *Trustees of Boston University v. Commonwealth,*
286 Mass. 57, 65. *Mitchell v. Lynn Fire & Police Notifica-
tion Co. Inc.* 292 Mass. 165, 168. *Sylvia v. New York, New
Haven & Hartford Railroad,* 296 Mass. 157, 164. *Alfred J.
Silberstein Inc. v. Nash,* 298 Mass. 170, 174. *Tucker v. Ryan,*
298 Mass. 282, 284. *O'Connor v. Benson Coal Co.* 301 Mass.
145, 150, 151. *Beebe v. Randall,* 304 Mass. 207, 209. *Kol-
asinski v. Paczkowski,* 307 Mass. 73, 76. *Kurland v. Massa-
chusetts Amusement Corp.* 307 Mass. 131, 143. *McKay v.
Polep,* 311 Mass. 567, 571.

But let us assume, without deciding, that the contention
is open. The case is not like an appeal in equity with a
report of material facts made by the judge pursuant to the
duty imposed on him by G. L. (Ter. Ed.) c. 214, § 23, or
c. 215, § 11. In such a case the facts reported are taken to
be all the facts upon which the decree was based, and if they
do not support the decree it must be reversed, unless the
evidence reported shows that it was nevertheless right.
*Topor v. Topor,* 287 Mass. 473, 476. *Birnbaum v. Pamoukis,*
301 Mass. 559, 562. *Viens v. Viens,* 302 Mass. 366, 367.
*Castle v. Wightman,* 303 Mass. 74, 76. *Sullivan v. Quinlivan,*
308 Mass. 339, 340, 341. *Sidlow v. Gosselin,* 310 Mass. 395,
397. *Wiley v. Fuller,* 310 Mass. 597, 599. *Bernhardt v.
Atlantic Finance Corp.* 311 Mass. 183, 185. *Hinckley v.
Barnstable,* 311 Mass. 600, 602. *Colby v. Callahan,* 311 Mass.
727, 728.

This is a proceeding at law. On the law side of the court a judge cannot be required to make any express findings of fact.[1] *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17–19. *Castano* v. *Leone,* 278 Mass. 429, 431. *Ashapa* v. *Reed,* 280 Mass. 514. *Graustein* v. *Dolan,* 282 Mass. 579, 583. *Memishian* v. *Phipps,* 311 Mass. 521, 523. *Codman* v. *Beane,* 312 Mass. 570, 574. Compare *Perry* v. *Hanover,* 314 Mass. 167, 172. It is discretionary with him whether to make any express findings or not, and whether to state all the facts found or only part of them. His findings are not to be taken as including all the material facts unless they purport to do so. Unless they purport to be a complete statement of the case, the rule still applies that the decision or decree imports a finding of every fact necessary to sustain it not expressly negatived. *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 561. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 90. *Wilkins* v. *Berkeley Realty Corp.* 311 Mass. 148, 151. *Watkins* v. *Briggs,* 314 Mass. 282, 284, 285.

In this case, near the end of his "findings and order," the judge found expressly that the business of making out simple income tax returns was the practice of law, and that the respondent as proprietor solicited patronage for that business by advertising. That finding was not warranted by the evidence and was erroneous as matter of law. *Lowell Bar Association* v. *Loeb, ante,* 176. If that finding is the sole foundation for the order of suspension, when that foundation falls the order must fall with it. If that finding was the sole foundation for the order of suspension, we assume without deciding that the general exception taken would raise the question and would have to be sustained. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166, 167. *Gaw* v. *Hew Construction Co.* 300 Mass. 250, 252. In this proceeding at law it would be impossible for us to support the

---

[1] Even in equity a party has a right only to the statutory report of material facts as they rest in the mind of the judge. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214. *Merrill* v. *Everett,* 293 Mass. 327. *Davis* v. *Newburyport Five Cents Savings Bank,* 311 Mass. 377, 381, 382. A party may not require findings upon particular questions of fact selected by him. *Boston* v. *Dolan,* 298 Mass. 346, 348, 349.

order of suspension by finding upon the evidence another foundation of fact upon which it could rest, as we did in the related equity case just decided. *Lowell Bar Association* v. *Loeb, ante,* 176. At law this court can find facts only in certain exceptional instances provided for by statute. *Moss* v. *Old Colony Trust·Co.* 246 Mass. 139, 143. *Jones* v. *Clark,* 272 Mass. 146, 149. *Cambridge* v. *West Springfield,* 303 Mass. 63, 66. *Real Properties, Inc.* v. *Board of Appeal of Boston,* 311 Mass. 430, 441, 442. Exceptions exist as to capital cases (G. L. [Ter. Ed.] c. 278, § 33E, as amended by St. 1939, c. 341), as to cases stated, (*United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108, 109; *Harsha* v. *Bowles,* 314 Mass. 738, 739–740), and as to appeals in certiorari (G. L. [Ter. Ed.] c. 213, § 1D, inserted by St. 1943, c. 374, § 4).

Assuming that the point is open, the decisive question therefore is, whether the order of suspension appears to have been based exclusively on the erroneous finding that making out simple income tax returns is the practice of law. After making that finding, the judge concluded his "findings and order" with these words: "In consequence of the foregoing an order may be entered suspending the respondent from all practice of the law throughout the Commonwealth for a period of three months." By the "foregoing" we think he referred to the entire "findings and order." Some of the subsidiary facts found in it would have been superfluous if he had intended to rest his order wholly upon the finding that the making out of the tax returns was the practice of law. Some findings relate to the point that the American Tax Service promised patrons the services of counsel, and that the "legal counsel" was the respondent. We think that the order of suspension imported the finding of all facts necessary to sustain it, at least all those referred to in the "findings and order." That facts sufficient to sustain it could have been found upon the evidence was in substance decided in *Lowell Bar Association* v. *Loeb, ante,* 176, which was heard upon the same evidence. Consequently the exception, so far as the contention under discussion is concerned, must be overruled,

(4) The contention of the respondent that the penalty was too severe is not open on his bill of exceptions. Exceptions are limited to "an opinion, ruling, direction or judgment . . . rendered upon any matter of law." G. L. (Ter. Ed.) c. 231, § 113. The penalty was discretionary, and therefore not within the scope of exceptions. *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 188. *Boston Bar Association* v. *Casey*, 196 Mass. 100, 111. *Matter of Allin*, 224 Mass. 9, 13. It is true that an abuse of discretion may amount to an error of law, and consequently may be open on exceptions. *Long* v. *George*, 296 Mass. 574, 578, 579. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348, 349. *Bresnahan* v. *Proman*, 312 Mass. 97, 101, 102. *DeLuca* v. *Boston Elevated Railway*, 312 Mass. 495, 497, 498. *Peterson* v. *Cadogan*, 313 Mass. 133, 134, 135. In this case plainly there was no abuse of discretion amounting to an error of law. Even if the question of discretion could have come before us under the more liberal practice governing appeals in equity (*Long* v. *George*, 296 Mass. 574, 579; *Coe* v. *Coe*, 313 Mass. 232, 234), we do not suggest that we should have revised the order. The exception, so far as it relates to the amount of the penalty, is overruled.

(5) The respondent, and the Attorney General and the Lowell Bar Association as well, contend that we should review the amount of the penalty upon the entire record, without regard to procedural rules. They rely upon *Matter of Keenan*, 313 Mass. 186. That case decides that this court, as the final authority upon matters relating to membership in the bar, has power to create new methods of review not authorized by statute. But that case recognizes that ordinarily appellate procedure in such matters follows the forms prescribed for civil actions at law as far as those forms are appropriate. That case does not hold that whenever some party to a disciplinary proceeding against a member of the bar manages to get the case before this court in some way, all statutory rules of practice disappear. We see nothing in this case to call upon us to adopt a special mode of appellate review, instead of leaving the parties to the statutory remedies of appeal and exceptions, to which the respondent has

resorted, with their familiar incidents. Those remedies do not enable us to review the penalty imposed.

*Appeal dismissed.*

*Exceptions overruled.*