*Northern District*

A.D. 6492

## MARY E. HOLAHAN,
### and another

### v.

## RABENIUS BUILDERS, INC.,
### and another

*Present*: Connolly, J. (Presiding), Parker, Yesley, JJ.

Case tried to *Darcy, J.*, in the District Court of Lawrence. No. 1473 of 1965.

Argued: June 21, 1967    Decided: August 23, 1967

*Yesley, J. This is an action to recover damages for breach by "the defendants,* or either of them", *of a contract* to build a home for the plaintiffs on land owned by defendant, Rabenius Builders, Inc. (Rabenius Builders). The plaintiffs alleged that the defendants failed to "complete the work in accordance with the terms of the contract". The defendants denied the allegations and declared in set-off that a balance was due to them from the plaintiffs. There was a finding for the "defendant" in the main action. No finding appears to have been made on the declaration in set-off.

The trial justice made special findings which we summarize: Rabenius Builders entered into a written agreement dated July 23, 1963 with the plaintiffs to sell to the plaintiffs lot #1 on Argilla Road in Andover, Massachusetts for a price of $29,500. At the time the agreement was signed there was a house on the lot in process of construction. A few days after the agreement was executed defendant Robert A. Rabenius (Rabenius) delivered to the plaintiffs a 5 page set of "Specifications for House and Garage to be Built for the (plaintiffs) on Lot #1 Argilla Road, Andover, Massachusetts", each page having been initialed by Rabenius. The first 3 pages enumerated 43 items. The 4th page contained 3 items under the heading "EXTRAS INCLUDED IN THIS CONTRACT". The 5th page contained 4 items under the heading "EXTRAS INCLUDED IN THIS CON-

TRACT PRICE''. These specifications were not ''part of, nor incorporated in (the written agreement)''. While the work was in progress, certain extras were orally requested by the plaintiffs. At the closing a statement was given to the plaintiffs showing a sales price of $29,500. plus extras which brought the total price to $31,690.35. After deducting the deposit and credits for certain fixtures, the net balance due came to $28,453.35, which the plaintiffs paid and in turn received a deed to the premises signed by Rebenius Builders. ''Certain work on the premises was not completed at the time title passed. . . .and this was known to all parties''. Thereafter ''the defendants returned to the premises to see what else needed to be done'', but a controversy erupted between the parties and nothing further was ever done by the defendants. The trial justice made the further finding (numbered 11) ''that despite any oral agreements, to the contrary, that might have been made between the parties between the date of the execution of (the written agreement) and the closing transaction, that the fact of acceptance of the deed together with taking possession of the premises, constitutes a waiver of all rights by the plaintiffs pursuant to the provisions of (the written agreement).''

The plaintiffs filed no requests for rulings. The trial justice, however, ruled on requests filed by the ''defendant''. The plaintiffs claimed to be aggrieved by the allowance of cer-

tain of these requests and by the finding for the defendant.

■ The claim of report from the general finding does not present any question to us. The question of whether a general finding upon disputed facts was warranted by the evidence may be raised only by a claim of report from a denial of a request for a ruling that such a finding would not be warranted. *Barton* v. *Cambridge,* 318 Mass. 420, 423, 424. The plaintiffs made no requests for any rulings.

■ The findings made by the trial judge do not purport to include all the material facts and the exception to the above cited rule stated in *Matter of Loeb,* 315 Mass. 191, 194-196 is therefore not applicable.

■ A claim of report from rulings of law by the trial justice does present questions for our consideration, even if, as in this case, the rulings were not made at the request of the party claiming the report. See G.L. c. 231, § 108 wherein it is stated that "Any party to a cause brought. . . .in any. . . .district court. . . .aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division. . .".

■ There was no prejudicial error in the allowance of the defendant's requests for rulings. Examination of the manner of the disposition by the trial justice of the defendant's requests for rulings, including those which were denied,

discloses that whatever the trial justice ruled generally as to the merger of prior oral agreements into written sales agreements or deeds, he denied requests for rulings by the defendants that the "conversations and memoranda" in this case were merged into the written sales agreement (request no. 8) or in the deed (request no. 9). That no such merger was found is implicit in his finding (no. 8) that certain work on the premises was not completed at the time title passed; which would of necessity refer to work the defendants were obligated to perform pursuant to the "conversations and memoranda". It is also clear from his finding above quoted (no. 11) that the basis of his decision was not that there was no agreement to finish the work but that the plaintiffs had waived their right to insist on further performance by accepting the deed and possession. In that finding lies the rub, insofar as the plaintiffs' right of review is concerned; but they made no request for a ruling to test the sufficiency of the evidence to support this finding and accordingly preserved no right of review of such finding by this division. *Himelfarb* v. *Novadel Agene Corporation*, 305 Mass. 446, 449; *Stella* v. *Curtis*, 348 Mass. 458, 461, 462.

We might add that had the question been presented, we do not feel that the reported evidence required the trial justice to find that there was no such waiver, nor do we feel that his

finding of such waiver was inconsistent with any of his subsidiary findings.

**The report is ordered dismissed.**

THOMAS H. COLLINS,
  for the Plaintiffs
STEINBERG, SHAKER & LEWIS,
  for the Defendants